**ABB AIR PREHEATER, INC., Plaintiff,**

v.

**REGENERATIVE ENVIRONMENTAL EQUIPMENT CO., INC.,**
Defendant.

Civil Action No. 93–5069 (MLP).

United States District Court,
D. New Jersey.

April 29, 1996.

John A. Fogarty, Jr., Brumbaugh, Graves, Donohue & Raymond, New York City, for Plaintiff, ABB Air Preheater, Inc.

Ronald Gould, Mathews, Woodbridge & Collins, Princeton, NJ, for Defendant, Regenerative Environmental Equipment Co., Inc.

**MEMORANDUM**

WOLFSON, United States Magistrate Judge.

Before the Court is the motion by plaintiff, ABB Air Preheater, Inc. ("ABB"), seeking an Order precluding defendant Regenerative Environmental Equipment Co., Inc. ("REECO"), from offering any expert testimony concerning "secondary considerations" of patent validity. The Court has received moving, opposition, reply, sur-reply, and opposition-to-sur-reply papers, and considers this matter pursuant to *Fed.R.Civ.P.* 78. For the following reasons, plaintiff's motion to preclude defendant's expert testimony regarding secondary considerations of validity is denied.

*Background*

Defendant REECO is the owner of United States Patent Number 4,267,152, entitled "Anti–Pollution Thermal Regeneration Apparatus," (hereinafter the " '152 patent"). In October of 1993, defendant commenced a patent infringement action against plaintiff's sublicensee, Adwest Technologies, Inc., in the United States District Court for the Central District of California. Shortly thereafter, in November of 1993, plaintiff instituted this litigation, alleging the invalidity and non-infringement of the '152 patent. Defendant answered and counterclaimed, its counterclaim being substantially identical to the claims made in its California complaint. Plaintiff later amended its complaint to allege that the '152 patent is neither valid, infringed, nor enforceable against plaintiff, and that defendant had engaged in unfair competition.

Plaintiff now seeks to preclude defendant from offering any expert testimony regarding secondary considerations of patent validity on the grounds that defendant failed to comply with both the disclosure requirements of *Fed.R.Civ.P.* 26(a)(2), warranting exclusion of the evidence under Rule 37(c)(1), and with the Court's scheduling orders. In support of its motion, plaintiff contends that, to overcome evidence of "obviousness" in an action challenging the validity of a patent, the patentee bears the burden of establishing secondary considerations of validity or "nonobviousness" in the first instance. *Plaintiff's Brief* at 3, 5. Hence, plaintiff claims, the failure of defendant's expert, Dr. John Wilcox, to set forth his opinions with respect to secondary considerations in his first or "direct" expert report, and his assertion of them for the first time in his rebuttal report, violated the Court's scheduling orders, which provide:

[T]he parties shall exchange expert reports on the issues on which that party bears the

burden of proof and production of materials identified in expert's reports. Any such report shall be in the form and content prescribed by *Fed.R.Civ.P.* 26(a)(2)(B).

*Id.* at 4–5. Plaintiff further contends that this omission resulted in a simultaneous violation of Rule 26(a)(2)(B), which mandates the disclosure of a testifying expert's opinions in a detailed report, warranting exclusion of the evidence under the sanction provisions of Rule 37(c)(1).

Plaintiff also claims that defendant's non-disclosure was neither harmless nor justifiable. Plaintiff argues that defendant's "disregard for this Court's Scheduling Orders and the mandate of Rule 26(a)(2)(B)" prejudiced it by depriving its "experts of the opportunity to offer any rebuttal statement regarding the 'secondary considerations' alleged by [defendant]." *Id.* at 4. Plaintiff further maintains that the violation was unjustified given defendant's knowledge of the facts supporting its secondary-consideration claims prior to the submission of its first expert report. *Id.* at 6. Thus, plaintiff urges this Court to exclude defendant's expert's opinions regarding secondary considerations under Rule 37(c)(1).

Plaintiff further moves to strike any opinions relating to secondary considerations in Dr. Wilcox's rebuttal report, and also maintains that Dr. Wilcox's failure to discuss in his rebuttal report the "nexus" between the alleged secondary considerations and the claims of the '152 patent should preclude defendant from offering any evidence regarding the "nexus issue." *Id.* at 5.

In opposition, defendant argues that plaintiff misstates the law concerning its burden as a patentee defending the validity of a patent. Defendant maintains that, contrary to plaintiff's contentions, its burden as a patentee is merely to come forward with evidence of secondary considerations, a burden which arises only after the patent challenger establishes a *prima facie* case of invalidity. *Defendant's Brief* at 5. Accordingly, defendant contends, it properly submitted a report concerning secondary considerations of validity in rebuttal to plaintiff's initial expert report challenging the patent's validity. *Id.* at 7. Therefore, defendant concludes, there was neither a violation of the Court's scheduling orders, nor of Rule 26(b)(2) justifying the exclusion of its expert's testimony. *Id.* Defendant further argues that, contrary to plaintiff's claims, Dr. Wilcox's rebuttal report in fact discusses a nexus between the alleged secondary considerations and the claims of '152 patent. *Id.* at 8–10.

In any event, defendant argues, its failure, if any, to disclose its expert's views concerning secondary considerations was both substantially justified and harmless. *Id.* at 10. Defendant maintains that, because a genuine dispute exists regarding whether defendant failed to disclose its expert's opinions, any failure to disclose was substantially justified. *Id.* at 11.

Furthermore, defendant asserts, plaintiff has suffered no prejudice as the result of its alleged non-disclosure, and thus any non-disclosure was harmless. *Id.* Defendant notes that no trial date has yet been set for this case, and that it has no objection to plaintiff's supplementation of its expert reports in response to Dr. Wilcox's opinions concerning secondary considerations. *Id.* at 12. Thus, defendant argues, because its non-disclosure was both justifiable and harmless, the Court should decline to apply the sanction provisions of Rule 37(c)(1).

Defendant alternatively asserts that, even if its non-compliance was unjustified and prejudicial, the Court should exercise its discretion under Rule 37(c)(1), and decline to impose the extreme sanction of preclusion of critical evidence under the circumstances presented here. *Id.* at 14. Based upon the foregoing, defendant maintains that plaintiff's motion should be denied.[1]

---

1. The submissions which follow essentially reiterate, with some elaboration, the arguments made in the moving and opposition briefs. In reply, plaintiff asserts that defendant indeed bears the burden of establishing a nexus between secondary considerations and the patent in suit.

*Plaintiff's Reply* at 3–4. Furthermore, plaintiff argues, defendant has been aware of plaintiff's claims of invalidity since the filing of the amended complaint, and thus, the Court should reject defendant's "attempts to feign ignorance with respect to [plaintiff's] invalidity contentions in

## Discussion

Plaintiff asserts two grounds in support of its motion to exclude defendant's expert's opinions concerning secondary considerations of patent validity: (1) defendant's rebuttal report violated the mandatory disclosure requirements of Rule 26(a)(2), warranting exclusion of the testimony under Rule 37(c)(1); and (2) disclosure of the opinions in a rebuttal report violated the Court's scheduling orders. Both grounds implicate separate, but related, case law.

■ The objective of the 1993 amendments to Rule 26 was "to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." *Fed.R.Civ.P.* 26(a) advisory committee note. As a result of the amendments, Rule 26(a)(2) now obligates litigants to disclose information concerning their experts sufficiently prior to trial to afford their adversaries time within which to prepare an effective cross-examination. *Id.* More specifically, Rule 26(a)(2) requires, among other things, the identification of any expert who may testify at trial, *see Fed.R.Civ.P.* 26(a)(2)(A), as well as the submission by any testifying expert of a detailed report concerning the testimony which the expert expects to deliver. *Fed.R.Civ.P.* 26(a)(2)(B). Compliance with Rule 26(a)(2) is thus a condition precedent to the use of expert testimony at trial. *Harlow v. Eli Lilly & Co.,* 1995 WL 319728 at *2 (N.D.Ill. May 25, 1995).

■ Rule 37 provides for mandatory sanctions upon a failure to comply with the disclosure provisions of Rule 26(a). "This self-executing, automatic sanction is designed to provide a strong inducement for disclosure of 26(a) material." *Harlow,* 1995 WL 319728 at *2 (citing Advisory Committee Note). Rule 37(c)(1) provides, in pertinent part, that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Notwithstanding its mandatory language, the Rule vests courts with discretion in its provision that no sanction should be imposed if there was substantial justification for the non-disclosure, or if the non-disclosure was harmless. *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995).

■ Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence. *See In re TMI Litig.,* 922 F.Supp. 997, 1003–04 (M.D.Pa. 1996); *DiFlorio v. Nabisco Biscuit Co.,* 1995 WL 710592 at *2 (E.D.Pa. Nov. 13, 1995) ("Unfortunately, the courts of this circuit are not free to exercise the full range of sanctions for discovery abuses authorized by the Rules."). The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony. *See In re Paoli R.R. Yard PCB Litig.,* 35

order to justify its experts' utter failure to carry their burden in the initial expert submissions." *Id.* at 4. Plaintiff further claims that defendant's expert reports fail to establish any nexus between the alleged secondary considerations and the '152 patent. *Id.* at 5–9. Finally, plaintiff disputes defendant's claim that its failure to disclose, if any, was both harmless and justifiable. *Id.* at 9–10.

In sur-reply, defendant asserts that, contrary to plaintiff's arguments, it does not bear a burden of proof with respect to secondary considerations, but rather a burden of coming forward with evidence, and that this burden does not arise until plaintiff establishes a *prima facie* case of invalidity. *Defendant's Sur–Reply* at 2–3. Hence, defendant maintains, it complied in all

respects with the Court's scheduling orders, which required initial expert reports only with respect to issues on which the party had the burden of proof. *Id.* at 3–4. Defendant further challenges plaintiff's attack upon the sufficiency of its expert's opinions regarding nexus, stating the "sufficiency of REECO's evidence is not at issue here." *Id.* at 4.

In opposition to defendant's sur-reply, plaintiff reiterates, among other things, that defendant bears the burden with respect to secondary considerations, and that its failure to include its expert's views concerning them was in violation of the Court's scheduling orders and Rule 26(a)(2), warranting exclusion of such testimony under Rule 37(c)(1). *Plaintiff's Opposition To Defendant's Sur–Reply* at 2–3.

F.3d 717, 791–92 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995); *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 905 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens,* 777 F.2d 113 (3d Cir.1985), *aff'd,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Dudley v. South Jersey Metal, Inc.,* 555 F.2d 96, 99 (3d Cir. 1977). "[T]he exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order...." *Pennypack,* 559 F.2d at 905 (citation omitted).

While the above-cited cases discuss whether evidence should have been excluded as a result of a scheduling-order violation, the rationale which underlies those cases applies equally to cases involving Rule 37(c): " 'Notwithstanding Rule 37(c), the district court may be found to have abused its discretion if [its] exclusion of testimony results in fundamental unfairness in the trial of the case.' " *Newman,* 60 F.3d at 156 (quoting *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 511, 130 L.Ed.2d 418 (1994)).

■ Similarly, the determination in the Third Circuit of whether non-compliance with a scheduling order should result in the exclusion of evidence implicates the same considerations as those triggered by non-compliance with Rule 26(a). A court reviewing a scheduling-order violation should apply the "*Pennypack* factors":

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*In re Paoli R.R. Yard PCB Litig.,* 35 F.3d at 791 (quoting *Pennypack,* 559 F.2d at 904–05). As with Rule 26(a) violations, the pivotal issue is whether admission of the evidence will result in incurable prejudice to the resisting party.

■ In this case, there has simply been no violation of Rule 26(a)(2), certainly none which would justify exclusion of defendant's expert's testimony under Rule 37(c)(1), nor has there been a violation of this Court's scheduling orders. It is indisputable that defendant *disclosed* its expert's opinions well before trial, and in accordance with the deadlines set in the Court's scheduling orders. Plaintiff admits that defendant submitted its first expert report concerning the validity of the patent on January 5, 1996, as required by the Court's December 9, 1995 scheduling order. *Plaintiff's Brief* at 4. Plaintiff further admits that defendant submitted its rebuttal report in February in accordance with the Court's January 22, 1996 scheduling order. *Id.*

Notwithstanding these admissions, plaintiff argues that a violation of Rule 26(a)(2) and this Court's scheduling orders occurred. According to its interpretation of the case law, plaintiff maintains that the secondary-consideration opinions contained in defendant's rebuttal report belonged in defendant's first, or as plaintiff denominates, "direct" expert report. *Id.* Although it casts its argument in terms of a "non-disclosure," plaintiff's real complaint appears to be that defendant failed to follow an established order of proof in submitting its report concerning secondary considerations, and thus, that its submission was untimely and should be barred.

The Court disagrees. Evidence of secondary considerations is in the nature of rebuttal evidence. As defendant points out, a patentee typically comes forward with proof of secondary considerations of validity, or "non-obviousness," in rebuttal to a patent challenger's *prima facie* case of obviousness. One of the three conditions for patentability is "non-obviousness." 35 U.S.C. § 103; *Graham v. John Deere Co.,* 383 U.S. 1, 12–13, 86 S.Ct. 684, 691–92, 15 L.Ed.2d 545 (1966). Non-obviousness "refers to the difference between the subject matter sought to be patented and the prior art, meaning what was known before as described in [35 U.S.C. § 102]. If this difference is such that the subject matter as a whole would have been obvious at the time to a person skilled in the

art, then the subject matter cannot be patented." *Graham,* 383 U.S. at 14–15, 86 S.Ct. at 692–93.

■ Patents are presumed valid under 35 U.S.C. § 282. As a result of this presumption, a patentee need offer no evidence of validity. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1570 (Fed.Cir.1986). In contrast, the presumption requires a patent challenger to bear the initial burden of demonstrating a *prima facie* case of obviousness. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.,* 776 F.2d 281, 291 (Fed.Cir.1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1201, 89 L.Ed.2d 315 (1986). Once a *prima facie* case is established, the burden then shifts to the patentee to come forward with rebuttal evidence of non-obviousness. *Id.* at 291–92. "Rebuttal is merely 'a showing of facts supporting the opposite conclusion,' and may relate to any of the *Graham* factors including the so-called secondary considerations." *In re Piasecki,* 745 F.2d 1468, 1472 (Fed.Cir.1984). Secondary considerations of non-obviousness include commercial success, long-felt need for the invention, and copying. *Glaverbel Societe Anonyme v. Northlake Mktg.,* 45 F.3d 1550, 1555 (Fed.Cir.1995); *National Research & Dev. Corp. v. Varian Assoc.,* 883 F.Supp. 976, 987 (D.N.J.1995). Hence, defendant properly submitted its expert's opinions concerning secondary considerations in rebuttal to plaintiff's expert's opinions concerning invalidity.

For the same reasons, defendant's rebuttal report complied with the Court's scheduling orders. The Court notes that the language in the scheduling orders merely reflects the recommendation of the Advisory Committee that, by a court-established deadline, "[i]n most cases, the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." *Fed.R.Civ.P.* 26(a)(2) advisory committee's note.

■ Even assuming that defendant should have submitted its evidence of secondary considerations in its first expert report, rather than in rebuttal, its "untimely" submission resulted in no prejudice. If anything, this is a case of late disclosure, rather than non-disclosure. But "'[l]ack of diligence' does not constitute bad faith." *Paoli,* 35 F.3d at 793. There is ample time to cure any alleged prejudice given the lack of a trial date for this action, or any objection by defendant to plaintiff's supplementation of its expert reports.

Under these circumstances, there is simply no basis upon which to grant plaintiff's motion. Given the absence of prejudice, and given the Third Circuit's aversion, absent extreme circumstances, to the exclusion of crucial evidence, which evidence of secondary considerations surely constitutes, the Court would without doubt abuse its discretion under Rule 37(c)(1) if it were to grant plaintiff's motion. *See Paoli,* 35 F.3d at 792–93 (district court abused its discretion in excluding plaintiff's expert evidence where prejudice to defendants was "extremely minimal."); *De-Marines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1202 (3d Cir.1978) (district court erred in excluding defendant's expert medical testimony where plaintiff was on notice of expert's intended testimony).

■ Finally, the Court will deny plaintiff's motion to exclude defendant's expert testimony regarding a nexus between the alleged secondary considerations and the claims of the '152 patent. Plaintiff argues, on the merits, that defendant's evidence of nexus is insufficient. *Plaintiff's Reply* at 5–9. The appropriate vehicle to advance such arguments, however, is a motion for summary judgment, and not a motion to exclude evidence under Rule 37(c)(1). These arguments are thus misplaced for purposes of the present motion, and will not be considered.

Based upon the foregoing, the Court will deny plaintiff's motion to exclude defendant's expert's opinions concerning secondary considerations of patent validity. In addition, plaintiff may supplement its expert reports in response to Dr. Wilcox's report concerning secondary considerations within fifteen days of the Order which shall follow.