Janice STALLWORTH, Plaintiff,

v.

**E–Z SERVE CONVENIENCE STORES, Defendant.**

Civ.A. No. 99–D–1503–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 5, 2001.

---

Lee Winston, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for plaintiff.

E. Barry Johnson, David W. Long, Sirote & Permutt, Birmingham, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Strike And For Sanctions, which was filed December 22, 2000. Defendant filed a Response on January 2, 2001, and Plaintiff issued a Reply on January 12, 2001. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion To Strike And For Sanctions is due to be granted in part and denied in part.

## I. DISCUSSION

The court finds that Plaintiff has made more than one request for the production of Defendant's personnel files, including those related to the termination of E–Z Serve Convenience Stores managers and administrative personnel. (Resp. Ex. 1–3.) Not until its Reply brief to Plaintiff's Response To Defendant's Motion For Summary Judgment did

Defendant produce these various records. (Reply Ex. 2–4.)

■ Defendant states that it has "diligently reviewed [its] files at several locations to find all personnel files requested by Plaintiff, and additional files have been located and provided to Plaintiff's Counsel upon receipt by defense counsel." (Resp. at 2.) Thus, Defendant contends that sanctions are unwarranted. The court disagrees.

Defense counsel has been on notice since June 2000 of Plaintiff's document request yet waited until September 8, 2000 to object to it. (Resp. Ex. 2 at 8–10, 18.) There is no evidence that Defendant began to search for any of the requested records prior to September 8, despite the fact that defense counsel acknowledges that the documents are "highly relevant and crucial" to, say, either party's showing of similarly-situatedness. (Resp. at 3 ¶ 7.)

■ Plaintiff has moved for sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure. The rule provides, in pertinent part, that "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED.R.CIV.P. 37(c)(1). The burden rests upon the non-producing party to show that its actions were substantially justified or harmless. *See Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 691 (M.D.Ala.2000).

■ The Middle District of Alabama has exercised its discretion to enforce Rule 26 through the use of local rules, which also mandate timely responses to discovery requests. *See* M.D.ALA.L.R. 26.1. Our local rules are enforced via Federal Rule 16, which provides for entry of a scheduling order and provides sanctions for failure to comply with such an order. *See* FED.R.CIV.P. 16(b), (f). Rule 16 states that "if a party or party's attorney fails to obey a scheduling ... order

..., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), or (D)." *Id.* 16(f). Rule 37(c)(1), in turn, allows the district court to exclude evidence or issue other "appropriate sanctions." *Id.* 37(c)(1). Thus, the applicable sanction provision, Rule 16(f), permits the court to impose the same sanctions set forth in Rule 37(c). *See Burney*, 196 F.R.D. at 691.

■ When a party claims that it has substantial justification for its actions, the court should ask whether reasonable people "could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Id.* (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995)).

There is no genuine dispute here. Defendant never filed a request for a continuance prior to the deadline for dispositive motions, so as to allow for the production of materials prior to the summary judgment deadline. Defendant does not claim that it did not understand the court's Uniform Scheduling Order, which requires counsel to seasonably file for leave from deadlines that it believes are unrealistic. Thus, Defendant agreed to follow the dates and timetables promulgated in the Scheduling Order.

The court reaffirms its finding that Defendant did not diligently attempt to retrieve these "highly relevant and crucial" documents in time for summary judgment. All that Defendant says is that it could not have found the materials prior to November 21, 2000. This explanation is unacceptable. At a minimum, by failing to object timely to Plaintiff's original document production request,[1] Defendant wasted precious time that could have been spent searching for the documents. Given that the delay in objecting

---

1. Counsel states that "the delay [in finding the documents] stems from the fact that [Plaintiff's] request covers a period of time during which the stores were owned and operated by a different owner." (Response Ex. 4.) Counsel has an obligation to communicate with his client, who certainly knew of the changes in corporate ownership and any potential hardships that could arise during the discovery process due to the same. This is all the more reason why counsel should have begun searching for the documents with celerity.

exceeded one month (the time that had elapsed between the dispositive motion deadline and the time that Defendant found the "crucial" documents), the court finds no substantial justification for Defendant's tardiness in producing Reply Exhibits 2–4.[2]

The court also finds that Defendant's actions were not harmless. A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced. *See id.* at 692. Here, Defendant states that, "since Plaintiff has already replied to this newly submitted evidence via its Sur–Reply, Plaintiff has not and will not suffer any prejudice as a result of the proper supplementation of E–Z Serve's Initial Disclosures." (Resp. at 3 ¶ 6.) The court disagrees.

The fact that Plaintiff's counsel was able to put together a last minute Sur-reply is proof that counsel takes seriously the duty to zealously represent his client, all the more so after Defendant placed the client between a rock and a hard place. The Sur-reply is not evidence that Defendant's conduct was harmless. Defendant points to no evidence that Plaintiff knew of the material until it appeared in Defendant's Reply, and the court finds that Plaintiff was prejudiced by having to spend additional time and resources, at the eleventh hour, analyzing and responding to this "highly relevant and crucial" material. For these and other reasons, the court finds that Defendant has failed to show that its failure to disclose was harmless.

Nor are defense counsel's actions excused by the claim that his client has had difficulty retrieving the records in question. The federal discovery rules place an affirmative duty upon a party and its counsel to produce not only responsive materials of which they are aware, but also those which they reasonably ought to have been aware. *See Arthur v. Atkinson Freight Lines Corp.,* 164 F.R.D. 19, 20 (S.D.N.Y.1995). The court

finds that counsel and client should have been aware of the existence of these records prior to filing for summary judgment. A court may impose sanctions short of entering a default judgment or dismissing a complaint even "without a showing of willfulness or bad faith on the part of the disobedient party." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1049 (11th Cir.1994). Sanctions, therefore, are merited in this case.[3] *See id.* at 1048–52.

## II. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED as follows: (1) Defendant's Summary Judgment Reply Exhibits 2–4 be and the same are hereby STRICKEN for purposes of summary judgment; (2) all reasonable costs and attorney's fees associated with Plaintiff's preparation of the Motion To Strike and the Response To Defendant Opposition To Strike and Motion For Sanctions be and the same are hereby TAXED to Defendant, at a rate not exceeding $175/hour for attorney's fees and $70/hour for paralegal's fees.

---

2. In addition, as Plaintiff points out in her Reply to the Motion To Strike, the batch of materials that Defendant produced were exclusively those that were helpful to its own case.

3. In determining the appropriate sanction, the court has carefully considered and weighed such factors as: (1) Defendant's reasons for failing to provide the information sooner; (2) the impor-

tance of the information; (3) Plaintiff's need for time and Plaintiff's ability to respond to the proffered evidence; and (4) the court's ability to alleviate unfair prejudice through alternative measures. The court finds that no sanctions other than those entered would be equally effective but less draconian.