Lisa M. TOLERICO, Darlene K. Devine, Denise Rumbalski, Jeanette M. Burns, Christine Browning, Plaintiffs,

v.

The HOME DEPOT, Defendant.

No. 3:CV–99–2262.

United States District Court, M.D. Pennsylvania.

Jan. 9, 2002.

Patrick J. Donahue, Joseph T. Wright, Jr., Danielle M. Mulcahey, Wright & Associates, Scranton, PA, for plaintiff.

Judith Everett Harris, Melissa C. Angeline, Lisa Ann Cooney, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, for defendant.

## MEMORANDUM

VANASKIE, Chief Judge.

At issue in this employment discrimination action is whether the affidavit of Patrick Donahue, Esq., averring that he delivered to the Equal Employment Opportunity Commission (EEOC) a "Charge Questionnaire" on behalf of plaintiff Jeanette M. Burns within three (3) weeks of her termination of employment with defendant Home Depot U.S.A., Inc. (Home Depot), is sufficient to defeat a summary judgment motion based upon the absence of evidence in EEOC records of receipt of the Charge Questionnaire. A threshold subsidiary issue in this matter is whether the Charge Questionnaire dated April 1, 1998, as well as Attorney Donahue's affidavit, should be excluded because neither the Charge Questionnaire nor the information expressed in Attorney Donahue's affidavit was provided as part of the disclosures mandated by Rule 26(a)(1) of the Federal Rules of Civil Procedure or in response to Home Depot's discovery requests. Having carefully considered the issues, I have concluded that the extreme sanction of exclusion of evidence is not warranted, but that Burns' attorneys must pay the counsel fees and expenses incurred by Home Depot as a result of the failure to provide plainly relevant documents, the disclosure of which was required by Fed.R.Civ.P. 26(a)(1) and which fell within the ambit of Home Depot's discovery requests. I have also concluded that the evidence tendered on behalf of Ms. Burns is sufficient to compel denial of Home Depot's summary judgment motion.

## I. BACKGROUND

On December 30, 1999, Ms. Burns, along with four other women, brought this action against Home Depot, asserting claims of a sexually hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. Ann. § 951, *et seq.* Ms. Burns worked for Home Depot from May 15, 1997 until March 25, 1998. She contends that she was compelled to leave her job with Home Depot because of sexual harassment.

In late March or early April of 1998, Ms. Burns, with the assistance of Atty. Donahue, completed an EEOC Charge Questionnaire. (Burns Supplemental Deposition at 32.)[1] Attached to the Charge Questionnaire was an "Employee Statement" on a Home Depot form that identified the alleged harasser and provided some detail as to Ms. Burns' claims. The Charge Questionnaire is dated "4–1–98," and was signed under penalty of perjury by Ms. Burns. (*See* Exhibit "K" in Plaintiff's Appendix of Exhibits in Opp. to the Home Depot S.J. Mot.)

On April 8, 1998, Atty. Donahue, along with the other four plaintiffs in this action, traveled to the EEOC office in Philadelphia; Ms. Burns did not accompany Atty. Donahue. (Aff. of Atty. Donahue, ¶ 3, attached as Exhibit "O" to Plaintiff's Appendix of Exhibits

---

1. I understand that Home Depot does not concede the accuracy of the testimony presented on the question of completion of the Charge Questionnaire in the early Spring of 1998. For purposes of ruling on Home Depot's summary judgment motion, however, the testimony presented by Ms. Burns and Atty. Donahue on this issue must be accepted as true.

in Opp. to Home Depot's S.J. Mot.). Atty. Donahue claims that he presented the Charge Questionnaire along with Ms. Burns' written statement to the EEOC on April 8, 1998. (*Id.* at ¶¶ 4–6.)

It is undisputed that the April 1, 1998 Charge Questionnaire completed by Ms. Burns was not docketed by the EEOC, nor was a charge number assigned to Burns' claim in April of 1998. Indeed, there is no confirmation from the EEOC that it received this Charge Questionnaire. It is also undisputed that the EEOC did not take any action whatsoever in connection with Ms. Burns' claim as a result of the April 1, 1998 Charge Questionnaire.

In late 1998 or early 1999, Atty. Joseph T. Wright, Jr. and the law firm of Wright & Associates became involved in the representation of Ms. Burns and the other four plaintiffs. (Statement of Wright & Associates Regarding Imposition of Sanctions, ¶ 1.) At that time, Wright & Associates received a copy of the April 1, 1998 Charge Questionnaire and the Employee Statement appended thereto. (*Id.*) In September of 1999, Atty. Wright requested the EEOC to issue "right to sue" letters on behalf of all five plaintiffs. (*Id.*, ¶ 3.) Right to sue letters were received for the other four plaintiffs, but not for Ms. Burns. (*Id.*) According to Atty. Wright, he again inquired of Atty. Donahue as to whether he had pursued administrative remedies on behalf of Ms. Burns, and Atty. Donahue once again confirmed that he had. (*Id.*)

Upon learning that Atty. Wright had not received a right to sue letter for Ms. Burns, Atty. Donahue contacted the EEOC Philadelphia office. (Donahue Dep. at 19–20.) According to Donahue, he was informed that the EEOC did not have any record of the Burns' Charge Questionnaire and he was directed to "resubmit the paperwork . . . ." (*Id.* at 20.)

In November of 1999, Atty. Donahue met with Ms. Burns, ostensibly for the purpose of preparing the appropriate documents to send to the EEOC. (*Id.* at 44.) Atty. Wright was not informed of this meeting or that Atty. Donahue was submitting charging documents on behalf of Ms. Burns at that time. (Statement of Wright & Associates at ¶ 4; Donahue Dep. at 44.)

By letter dated November 12, 1999, Atty. Donahue submitted to the EEOC on behalf of Ms. Burns a "completed Charge Questionnaire, Sexual Harassment Questionnaire, Dual Filing Request, Charge Information Questionnaire, Harassment Questionnaire, and Allegations of Employment Discrimination Form." The Charge Questionnaire submitted in November of 1999 answered in the negative the following questions:

> Have you filed a complaint about the action you think was discriminatory . . . ? Have you filed an EEOC charge in the past?

No reference was made in the November 1999 submissions to the alleged April 8, 1998 delivery of a Charge Questionnaire on behalf of Ms. Burns to the EEOC.

By letter dated December 22, 1999 and addressed to Ms. Burns with a copy to Atty. Donahue,[2] the EEOC asserted that it had no authority to investigate Burns' allegations because her complaint had not been received within 300 days of her alleged termination of employment.[3] The December 22nd letter informed Ms. Burns and Atty. Donahue that if they were of the opinion that the matters of which she was complaining fell within EEOC jurisdiction, they could "recontact" the EEOC Philadelphia office. By letter dated December 28, 1999, Atty. Donahue advised the EEOC that "Ms. Burns was informed that the filing was outside of the 300–day limit . . . , but she would request that the

---

2. The December 22, 1999 EEOC letter is included under Tab 13 of the Supporting Documents to Reply Memorandum in Further Support of Defendant's Motion for Summary Judgment as to Plaintiff Jeanette M. Burns, and bears Bates Number EE 00222. Hereinafter, documents produced by Home Depot under Tab 13 and bearing Bates Numbers will be identified by the pertinent Bates number only.

3. The December 22, 1999 EEOC letter stated:

> In your correspondence, you alleged that your most recent date of harm was March 25, 1998. Your correspondence was received in this office on November 19, 1999. Because your complaint was not received within 300 days of the alleged discrimination, the EEOC has no authority to investigate your allegations.

EEOC file her charge and issue a right to sue letter on her behalf immediately." (EE 00223.) Ms. Burns is indicated as having been forwarded a copy of Atty. Donahue's letter. There is no indication that a copy of this letter was sent to Atty. Wright.

On December 30, 1999, a complaint was filed in this Court on behalf of Ms. Burns and the other four plaintiffs. Significantly, as to the other four plaintiffs, the Complaint alleged that "in or about April 1998," each plaintiff had filed a charge of sex discrimination with the EEOC, the charge was assigned a specific "charge number," and "[a]ll administrative prerequisites for maintaining this case have been satisfied." (Complaint, ¶¶ 9–11 and 13.) As to Ms. Burns, however, the Complaint merely averred that she had filed a charge of sex discrimination with the EEOC and that "[a]ll administrative prerequisites for maintaining this case" had been met. (*Id.*, ¶ 12.) The Complaint did not allege an approximate date when Ms. Burns purportedly filed a charge of sex discrimination and did not indicate that a Charge Number had been assigned to her claim. The Complaint was signed by Danielle M. Mulcahey, Esq. as an attorney of Wright & Associates. It also appears that Atty. Mulcahey signed the Complaint on behalf of Atty. Donahue.[4]

By Letter dated January 4, 2000, the EEOC sent to Atty. Donahue a draft charge prepared on the basis of the questionnaires that Ms. Burns had completed in November of 1999. (EE 00226.) The EEOC letter, a copy of which was sent to Ms. Burns, further stated:

> In order to preserve [Ms. Burns'] private suit rights under Title VII ..., please have your client sign and date the charge and return it .... After a signed charge is received, it will be docketed (given a num-

ber) and then dismissed because it was untimely filed and a Notice of Right to sue will be issued to Ms. Burns.

By Order entered in this action on February 16, 2000, a Case Management Conference was scheduled for April 6, 2000. As part of the requirements for a Case Management Conference, the parties are required to submit a Joint Case Management Plan. In this Plan, the parties are to identify pertinent factual and legal issues and identify the disclosures made pursuant to Fed.R.Civ.P. 26(a)(1). At the time the Case Management Conference was scheduled in this matter, Rule 26(a)(1) required a party, without awaiting a discovery request from any other party, to provide copies of or identifying information pertaining to relevant documents.

In the Joint Case Management Plan filed in this action on March 30, 2000, Home Depot asserted that Ms. Burns had not filed a charge of discrimination with the EEOC or the PHRC, and thus could not maintain a discrimination claim. Home Depot also raised as a pertinent legal issue the question of whether Ms. Burns' Title VII and PHRA claims were barred by the applicable statute of limitations. While the April, 1998 Charge Questionnaire is undoubtedly pertinent to this issue, plaintiffs' response to the request for identification of categories of documents it had disclosed under Rule 26(a)(1) was, "None."

By Notice dated April 3, 2000, the EEOC informed Ms. Burns and Atty. Donahue that her discrimination charge had been dismissed "because it was not filed within the time limit required by law." (EE 00219.) There is no indication that Atty. Wright was provided a copy of the EEOC Dismissal and Notice of Rights.[5]

---

**4.** The signature for Atty. Donahue appears to be in Ms. Mulcahey's handwriting and, following the signature, her initials appear in parentheses. It is disturbing that one lawyer would sign a document covered by Fed.R.Civ.P. 11 on behalf of another attorney. The presentation of the signed pleading constituted a certification that the allegations and factual contentions contained therein had evidentiary support. Fed.R.Civ.P. 11(b)(3). It would appear that Atty. Donahue could not have made the requisite certification that the administrative prerequisites for main-

taining this action on behalf of Mr. Burns had been satisfied at the time the Complaint was filed because he knew that a right to sue letter had not been received. It is also apparent that he knew at that time that the EEOC did not have a record of having received a Charge Questionnaire on behalf of Ms. Burns prior to November of 1999.

**5.** In addition to Atty. Donahue, "Home Depot" is listed as being sent a copy of the Dismissal and Notice of Rights. There is no indication, however, as to an address for Home Depot to which the

During the course of discovery, Home Depot propounded a request for production of all documents that Ms. Burns had "submitted to any federal, state or local administrative agency, including but not limited to the [EEOC] [and] the [PHRC]." The response to this discovery request, signed by Atty. Wright on August 4, 2000, asserts that "[p]laintiff has no responsive documents." [6]

Armed with the concession that there was no documentation evidencing pursuit of administrative remedies on behalf of Ms. Burns, Home Depot moved for summary judgment on her Title VII and PHRA claims. The brief filed in support of Home Depot's motion relied upon the absence of evidence of the filing of any document with the EEOC or PHRC, as well as the absence of any evidence that Ms. Burns had received a right-to-sue letter from the EEOC.

On January 31, 2001, Ms. Burns' counsel, for the first time, produced in this case a copy of the April 1, 1998 Charge Questionnaire. Also included with the papers opposing Home Depot's summary judgment motion was Atty. Donahue's Affidavit, in which he asserted:

• He had delivered the Burns' Charge Questionnaire to the EEOC on April 8, 1998;

• He "subsequently learned that the Charge Questionnaire and written statement . . . were never docketed";

• He "immediately sent the information in again. This time, the claim was processed and eventually docketed and given a charge number of 170A00583."

Attached as Exhibit 1 to Atty. Donahue's affidavit was the April 1, 1998 Charge Questionnaire. Atty. Donahue did not present with his affidavit, however, copies of the documents that he sent to the EEOC in November of 1999. Nor did Ms. Burns' counsel provide at that time the right to sue letter dated April 3, 2000.

As a result of the untimely disclosure of documents and information pertinent to the question of timely exhaustion of administrative remedies, Home Depot submitted to the EEOC a request for information under the Freedom of Information Act (FOIA). It was only as a result of the FOIA request that Home Depot obtained copies of the documents that Ms. Burns had submitted to the EEOC in November of 1999, along with the EEOC correspondence and notice to plaintiff that her claim was untimely.

On March 7, 2001, Home Depot filed a reply memorandum in support of its summary judgment motion. Apprising the Court of the untimely revelation of information pertinent to the question of exhaustion of administrative remedies, Home Depot requested that no credence be given to the documents submitted in opposition to the summary judgment motion.

The disconcerting conduct of plaintiff's counsel in failing to produce pertinent documents was raised in an Order of this Court dated October 3, 2001. The Order directed that Ms. Burns and her counsel show cause in writing why sanctions should not be imposed for failure to produce documents pertinent to the question of timely exhaustion of administrative remedies. Home Depot was granted leave to conduct discovery on the question of sanctions, including deposing Ms. Burns and her counsel. The October 3rd Order scheduled a hearing on the question of sanctions for October 26, 2001. The hearing was to be preceded by oral argument on the summary judgment motion. The parties were directed to address at oral argument the question of whether the timeliness of the filing of an administrative charge of discrimination should be determined as of the date that the EEOC acknowledges receipt of a charge of discrimination, or as of the date that the plaintiff claims to have submitted the charging document, irrespective of the absence of any record of its receipt by the EEOC and without consideration of the fact that the adverse party had not received notice of the claim.

Notice was sent. Nor is there any indication that Home Depot's counsel in this matter was aware of the Dismissal and Notice of Rights form dated April 3, 2000.

6. The response to the pertinent requests for production of documents is included as part of Home Depot's Exhibit 10 to its summary judgment motion.

On October 16, 2001, Wright & Associates filed a written statement on the matter of sanctions. Atty. Donahue, however, did not submit a written statement.

A hearing on the summary judgment motion and the question of sanctions was conducted on October 26, 2001. Thereafter, the parties supplied transcripts of the supplemental deposition of Jeanette Burns, taken on October 23, 2001, and the deposition of Atty. Donahue, taken on October 25, 2001. Counsel for Ms. Burns and Home Depot have submitted additional memoranda of law. This matter is now ripe for disposition.

## II. *DISCUSSION*

### A. *Exclusion of Evidence of the Filing of a Charge Questionnaire in April of 1998*

Rule 37(c)(1) of the Federal Rules of Civil Procedure, in pertinent part, provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

At the time that initial disclosures were due in this case, Rule 26(a)(1)(B) required disclosure of documents in the possession, custody, or control of a party that were relevant to disputed facts alleged with particularity in the pleadings. *See* Fed.R.Civ.P. 26(a)(1)(B) (West Group 1999 Ed.) As noted above, the Complaint alleged that Ms. Burns had filed a charge of sex discrimination with the EEOC and that all administrative prerequisites for maintaining this case had been satisfied. Moreover, Home Depot, in its answer, averred that to the best of its knowledge, Ms. Burns had *not* filed a charge of discrimination with either the EEOC or PHRC. The April 1, 1998 Charge Questionnaire and the documents submitted to the EEOC in late 1999 and early 2000 were plainly relevant to disputed facts that had been alleged with particularity in the pleadings. Indeed, it is undisputed that the April 1, 1998 Charge Questionnaire, upon which Ms. Burns relies to contest Home Depot's summary judgment motion, was a document that should have been part of plaintiff's initial disclosures under Rule 26(a)(1). It is also undisputed that the April 1, 1998 Charge Questionnaire was in the possession of Wright & Associates at the time that Rule 26(a)(1) disclosures were to be made. It is, furthermore, indisputable that Atty. Donahue was in possession of the documents submitted to the EEOC in late 1999 and early 2000. There also can be no dispute that Ms. Burns' counsel did not produce the documents in response to an appropriate discovery request, claiming that there were "no responsive documents" that "in any way record, refer or relate to the allegations of the Complaint, and which [Ms. Burns] ... submitted to any federal, state or local administrative agency, including but not limited to the [EEOC], [and the PHRC]...." (*See* Ms. Burns' Response to Defendant's First Request for Production of Documents, ¶ 12, included under Tab 10 of the Supporting Documents to Home Depot's Reply Memorandum.) Significantly, Atty. Donahue acknowledged reviewing the discovery responses before they were served on Home Depot. (Donahue Dep. at 37.)

Rule 37(c)(1) calls for the exclusion of evidence that should have been disclosed pursuant to Rule 26(a) unless (a) the non-disclosing party provides substantial justification for its failure, or (b) the failure to make the required disclosure is harmless. The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless. *See Stallworth v. E–Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D.Ala.2001). Ms. Burns cannot meet either of these conditions.

"Substantial justification" for the failure to make a required disclosure has been regarded as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *United States v. Dentsply Intern., Inc.*, No. Civ. A. 99–5, 2000 WL 654378, *7 (D.Del. May 10, 2000). "The test of substantial justification is satisfied if 'there exists a

genuine dispute concerning compliance.'" *Henrietta D. v. Giuliani,* No. 95–CV–0641, 2001 WL 1602114, *5 (E.D.N.Y. Dec. 11, 2001). In this case, Atty. Wright does not claim to have withheld the April 1, 1998 Charge Questionnaire on the ground that he reasonably believed that the document fell outside Rule 26(a)(1) disclosure requirements. Instead, he contends that the failure to produce the documents was "inadvertent and due to a misunderstanding." Atty. Donahue, while conceding that he is unable to refute Atty. Wright's assertion that Atty. Wright was unaware of the filings made with the EEOC in late 1999 and early 2000, (Donahue Dep. at 44), offers no excuse for the failure to produce the documents during discovery.[7] Clearly, Ms. Burns' attorneys have not offered "substantial justification" for their failure to produce plainly relevant documents.

▪ "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Stallworth,* 199 F.R.D. at 369. This connotation of the term "harmless" is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of "harmless" violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party. *See Burney v. Rheem Mfg. Co.,* 196 F.R.D. 659, 692 (M.D.Ala.2000). Home Depot was clearly unaware of the existence of the April 1, 1998 Charge Questionnaire and the other documents pertinent to the issue of exhaustion of administrative remedies. Thus, the non-disclosure of the pertinent documents cannot be regarded as "harmless." *See Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008–09 (8th

Cir.1998) (affirming exclusion of evidence where defendant had relied upon the absence of that evidence in moving for summary judgment).

If Rule 37(c)(1) were limited to the one sentence quoted at the start of this section of the Opinion, exclusion of the April 1, 1998 Charge Questionnaire and Atty. Donahue's affidavit may be mandated. The second and third sentences of Rule 37(c)(1), however, suggest that exclusion is not so automatic. Those sentences provide:

> In addition to or *in lieu* of [the exclusion] sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. [Emphasis added.][8]

▪ The fact that Rule 37(c) prescribes that a court may impose certain sanctions "in lieu of" exclusion has been regarded as conveying a measure of discretion in determining whether to bar evidence based upon a party's failure to comply with Rule 26(a). *See, e.g., Rambus, Inc. v. Infineon Technologies AG,* 145 F.Supp.2d 721, 726 (E.D.Va. 2001). Our Court of Appeals has declared that "even under Rule 37, '[t]he imposition of sanctions for abuse of discovery ... is a matter within the discretion of the trial court.'" *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995). More recently, in *Nicholas v. Pennsylvania State University,* 227 F.3d 133, 148 (3d Cir.2000), our Court of Appeals held:

> Q. Do you believe you have any responsibility for the non-production of [the April 1, 1998 Charge Questionnaire]?
> A. As co-counsel, I do.
> Donahue Dep. at 60.

---

7. With respect to the April 1, 1998 Charge Questionnaire, the following exchange occurred at Donahue's deposition:

> Q. Can you tell me why [the April 1, 1998 Charge Questionnaire] was not produced in discovery?
>
>    *   *   *   *   *   *
>
> A. I do not know.
> Q. You reviewed the discovery, didn't you?
> A. Yes. There was enormous amounts of material, so it may have slipped my observation.

8. The sanctions authorized under Rule 37(b)(2)(A), (B), and (C) include specifying certain facts to be taken as established for purposes of the action, refusing to allow a disobedient party to take a certain position, and dismissing the action.

In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, we must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

Application of these four factors, which emanate from *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), is consistent with the admonition that "[c]ourts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence." *ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co.*, 167 F.R.D. 668, 671 (D.N.J.1996). Thus, trial courts in the Third Circuit have applied the *Pennypack* factors when considering whether to exclude evidence as a sanction under Rule 37(c)(1). *See, e.g., id.* at 672; *Finch v. Hercules, Inc.*, No. Civ.A. 92–251, 1995 WL 785100, \* 17 (D.Del. Dec. 22, 1995); *Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 20 (E.D.Pa. 1994).

■ In this case, the second and third *Pennypack* factors militate against exclusion of evidence because Home Depot has been provided the ability to cure the prejudice of untimely disclosure by use of FOIA procedures and additional depositions of witnesses, and this case was not scheduled for trial when the untimely disclosure was made so that the progress of this case was not materially impeded by the Rule 26(a) violation. In this regard, it bears reiterating that Ms. Burns is but one of five plaintiffs, and Home Depot had moved for summary judgment on the merits as to three of the five plaintiffs. Home Depot's summary judgment motions as to the other plaintiffs were pending when the untimely disclosure of the April 1, 1998 Charge Questionnaire was made. Also mili-

tating against the exclusion sanction is the absence of bad faith or wilfulness on the part of plaintiffs' counsel in failing to produce the plainly relevant documents. As pointed out by Atty. Wright, it was plainly in Ms. Burns' best interests to disclose the existence of the April 1, 1998 Charge Questionnaire. Furthermore, I find credible his declaration that he was unaware of the filings made on behalf of Ms. Burns by Atty. Donahue in late 1999 and early 2000. While Atty. Donahue may have had a strong motive to conceal the existence of the EEOC filings made in 1999 and 2000, the exclusion of that evidence would not benefit Home Depot as that evidence supports Home Depot's timeliness challenge. Thus, application of the *Pennypack* factors compels rejection of the exclusion sanction.

■ Although evidence will not be excluded, Ms. Burns' attorneys bear responsibility for the consequences of their purported "inadvertence." Home Depot was fully justified in moving for summary judgment based upon the state of the record developed during the course of discovery. But for the failure of Ms. Burns' attorneys to produce pertinent documents, Home Depot would not have been induced to move for summary judgment based upon the absence of evidence of exhaustion of administrative remedies. Under these circumstances, Ms. Burns' attorneys shall be required to pay the fees and expenses incurred by Home Depot in moving for summary judgment and filing the initial memorandum of law in support of that motion. Home Depot also incurred fees and expenses in obtaining documents that should have been produced by Ms. Burns' attorneys. Accordingly, Ms. Burns' attorneys will be required to pay the fees and expenses incurred in connection with the FOIA request. Finally, the failure to produce the required documents necessitated a supplemental deposition of Ms. Burns and a deposition of Atty. Donahue. Plaintiffs' counsel will be required to pay the fees and expenses incurred in taking those depositions. As both Wright & Associates and Atty. Donahue serve as co-counsel for Ms. Burns, and as each shoulders responsibility for the failure to comply with Rule 26(a),

each will be responsible for 50 percent of the monetary sanction imposed by this decision.[9]

### B. Significance of the April 1, 1998 Charge Questionnaire and Donahue Affidavit

■ Under EEOC regulations, a charge of employment discrimination "is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Consistent with this pragmatic approach to determining the sufficiency of a charge of employment discrimination, courts have found a verified charge questionnaire to be sufficient to toll the running of the time period within which a discrimination charge must be filed. *See, e.g., McGarrah v. Kmart Corp.*, No. 3:97–CV–2386, 1999 WL 455716, *2, 1999 U.S. Dist. LEXIS 10495, *7 (N.D.Tex. July 2, 1999).

Burns asserts that the April 1, 1998 Charge Questionnaire qualifies as a charge of employment discrimination, an assertion with which Home Depot does not take issue. Burns further asserts that Atty. Donahue's affidavit provides adequate evidence of receipt of the Charge Questionnaire by the EEOC within a few weeks of the termination of Burns' employment. Home Depot vigorously disputes this assertion, framing the dispositive issue as "whether Atty. Donahue's Affidavit is sufficient summary judgment evidence . . . ." (Supplemental Brief in Support of S.J. Mot. (Dkt. Entry 57) at 4.)

In support of its contention that Atty. Donahue's affidavit is not sufficient to create a genuine issue as to whether the Charge Questionnaire was received by the EEOC in April of 1998, Home Depot relies upon the presumption of accuracy to which EEOC public records are entitled. Home Depot thus asserts that "the fact that the Burns–EEOC file does not contain the 'April Questionnaire' or any other timely charge is admissible evidence tending to show that the EEOC received no timely charge." (*Id.* at 9.)

While the absence of an entry in the EEOC record may indeed be admissible, *see* Fed. R. Ev. 803(7), Home Depot has not advanced any authority that the absence of evidence of receipt of the Charge Questionnaire is conclusive on the issue. Thus, while Home Depot may be entitled to admit evidence of the absence of any EEOC record pertaining to the April 1, 1998 Charge Questionnaire, Atty. Donahue's affidavit is sufficient to call into question the accuracy of the EEOC records.

Home Depot insists, however, that the failure of Burns' attorney to respond to the EEOC's invitation to contest its determination that the November, 1999 filing was untimely constitutes an admission that forecloses Ms. Burns from contending otherwise. Although it may be that the silence of Burns' attorney in the wake of the EEOC invitation to submit information on its timeliness determination constitutes an admission under Fed. R. Ev. 801(d)(2), as argued by Home Depot, it does not follow that such an admission precludes Burns from now contending otherwise. Indeed, Home Depot has not cited any authority for the novel proposition that an evidentiary admission under Fed. R. Ev. 801(d)(2) precludes a party from taking a

---

9. The hours expended by Home Depot's counsel in filing its reply brief and its post-argument brief were the product of Home Depot's decision to continue to seek summary judgment knowing that there was some evidence suggesting a timely filing of an administrative charge of discrimination. The fees and expenses for such work, therefore, cannot be attributed to the untimely nature of the disclosure of the evidence on which Ms. Burns now relies. Accordingly, Ms. Burns' attorneys are not responsible for payment of fees and expenses incurred in connection with the filing of the reply brief and post-argument brief. Moreover, the oral argument conducted by the Court in this matter was based upon an issue identified by the Court, and was not the result of the untimely nature of the disclosure of the April 1, 1998 Charge Questionnaire. Accordingly, plaintiffs' counsel will not be required to reimburse Home Depot the fees and expenses incurred in connection with the oral argument. Because the hearing on the question of sanctions was conducted immediately after the oral argument, apportionment of time between the oral argument and the hearing on sanctions would be difficult. Accordingly, Ms. Burns' attorneys will not be required to pay the fees and expenses incurred in connection with the hearing on the question of sanctions.

contrary position. Instead, Home Depot appears to be contending that there is such "an overwhelming quantity of evidence showing that the EEOC did not receive a timely charge," (Supplemental Brief in Support of S.J. Mot. at 4), that no reasonable jury could conclude otherwise.

In this case, Ms. Burns testified at her supplemental deposition that she completed a Charge Questionnaire in late March or early April of 1998. (Burns' Supplemental Dep. at 32.) She further confirmed that the April 1, 1998 Charge Questionnaire submitted as an attachment to Atty. Donahue's affidavit was the document that she had completed at that time. (*Id.*) She further testified that Atty. Donahue had informed her in April or May of 1998 that he had delivered the completed Charge Questionnaire to the EEOC. (*Id.* at 47.) It is undisputed that Atty. Donahue was at the EEOC Philadelphia Office in early April, 1998, and presented documents on behalf of Ms. Burns' co-plaintiffs.

Summary Judgment is not warranted where the opposing party presents evidence that is more than merely colorable. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, there is more than Atty. Donahue's "assertion" of the submission of the Charge Questionnaire in April of 1998. There is the evidence that the document in question was in fact completed at that time, as well as the evidence that Atty. Donahue was at the Philadelphia EEOC Office in early April, at which time he delivered charge questionnaires on behalf of co-plaintiffs. This evidence is sufficient to create a genuine dispute as to whether the Burns Charge Questionnaire was also delivered to the EEOC in April of 1998. As Home Depot has not contended that the EEOC must have acknowledged receipt of the Charge Questionnaire in order to stop the running of the limitations clock,[10] and there is a genuine dispute as to whether the EEOC actually received the April 1, 1998 Charge Questionnaire in early April of 1998, summary judg-

ment on the timeliness of Ms. Burns' EEOC filing is precluded.

### III. Conclusion

For the reasons set forth above, Home Depot's summary judgment motion will be denied. Plaintiffs' attorneys, however, will be sanctioned for their failure to comply with their discovery duties. An appropriate Order follows.

### *ORDER*

NOW, THIS ___ DAY OF JANUARY, 2002, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Summary Judgment as to the claims of plaintiff Jeanette M. Burns (Dkt. Entry 18) is **DENIED**.

2. Wright & Associates and Atty. Patrick J. Donahue shall each pay 50 percent of the reasonable attorneys' fees and expenses incurred by the defendant in (a) moving for summary judgment and filing a brief in support of that motion; (b) obtaining documents from the Equal Employment Opportunity Commission pursuant to the Freedom of Information Act; and (c) deposing plaintiff and Atty. Donahue in October of 2001.

3. Within **twenty (20) days** from the date of this Order, Home Depot shall submit an itemized statement of fees and expenses incurred in connection with the items described in the preceding paragraph. Wright & Associates and Atty. Donahue may file objections to Home Depot's itemization within **fifteen (15) days** of service of the itemization.

4. Wright & Associates and Atty. Donahue shall pay their respective shares of the sanction imposed by this Order within **thirty (30) days** of this Court's determination as to the amount of fees and expenses to which Home Depot is entitled.

5. A status conference shall be conducted in Chambers on **Wednesday, February 13, 2002 at 10:00 a.m.** in Room 401 of the William J. Nealon Federal Bldg. & U.S. Court-

---

**10.** This Court's Order of October 3, 2001 had invited the parties to address the question of whether an EEOC acknowledgment of receipt of a charging document was required to toll the limitations period. Home Depot has not cited any authority or made any argument to this effect, apparently conceding that acknowledgment of receipt is not necessary.

house, 235 N. Washington Avenue, Scranton, PA.