**In re JOY GLOBAL, INC. f/k/a Harnischfeger Industries, Inc., Debtor.**

**Joy Global, Inc. f/k/a Harnischfeger Industries, Inc., Plaintiff,**

v.

**Wisconsin Department of Workforce Development, Defendants.**

**Civ. No. 01–039–LPS.**

United States District Court, D. Delaware.

Jan. 21, 2010.

Laura Davis Jones, Bruce Grohsgal, Pachulski Stang Ziehl & Jones LLP, Wilmington, DE, Scotta E. McFarland, Pachulski Stang Ziehl & Jones LLP, Los Angeles, CA, for Plaintiff.

Stuart B. Drowos, Department of Justice, Wilmington, DE, John R. Sweeney, Richard B. Moriarty, Pro Hac Vice, for Defendants.

## ORDER REGARDING MOTIONS IN LIMINE

LEONARD P. STARK, United States Magistrate Judge.

At Wilmington this 21st day of January, 2010,

IT IS HEREBY ORDERED that the parties' Motions in Limine contained in the Joint Proposed Pretrial Order (D.I. 523 at 42–66) are DENIED IN PART and GRANTED PART, in accordance with the following:

### I. *Joy's Motions in Limine*

1. **Exclude testimony or other evidence outside the issue of tortious interference.**

Joy Global, Inc. f/k/a Harnischfeger Industries Inc.'s ("Joy") first motion in limine is **GRANTED.** Evidence at trial will be limited to the issue of tortious interference, which includes the elements of the tort, the affirmative defense of privilege, and damages (which potentially includes severance pay, increased wages, and prejudgment interest).

2. **Limit the Wisconsin Department of Workforce Development's ("DWD") theory of how Joy's alleged tortious interference occurred to the theory DWD articulated in its answers to contention interrogatories.**

Joy's second motion in limine is **DENIED.** The Court has previously sustained DWD's overbreadth objections to

Joy's contention interrogatories. (D.I. 438 at 19) Therefore, to the extent that Joy otherwise had an ability to limit DWD's evidence at trial to what was disclosed in response to contention interrogatories, Joy waived that right by serving overbroad contention interrogatories and failing to remedy the overbreadth by serving revised interrogatories. *See generally Alstrin v. St. Paul Mercury Ins. Co.*, 179 F.Supp.2d 376, 395 (D.Del.2002) (refusing to limit party to responses to contention interrogatories where unfairness would result). Moreover, Joy has not demonstrated that the evidence it seeks to exclude is "new" or was not "fairly disclosed" in DWD's answers to interrogatories. *See* D.I. 292 (Attachment 1 at ¶ 1.C).

**3. Limit DWD's damages to the amount former Beloit employees would have recovered from Beloit under its 1996 policy but for the alleged tortious interference.**

■ Joy's third motion in limine is **DENIED.** As both parties agree, the applicable measure of damages is "the difference between what the employees would have gotten under the 1996 policy and what they actually received (that is, what they would have gotten but for the alleged interference)." DWD may also be entitled to recover "increased wages" and prejudgment interest. Evidence of all of the foregoing is relevant and may be admissible at trial.

**4. Exclude testimony at trial in response to questions that DWD refused to allow its Rule 30(b)(6) designee to answer.**

■ Joy's fourth motion in limine is **DENIED.** While DWD's over-assertion of privilege at the deposition of its 30(b)(6) witness contributed to the problem Joy confronts, Joy's failure to depose several

fact witnesses identified by DWD also contributed. Most fundamentally, the relief Joy seeks—to preclude any DWD witness from testifying on any topic with respect to which DWD asserted privilege during the 30(b)(6) deposition—is extreme and unjustified.

Aspects of the instant issue have been before the Court previously. In connection with one related discovery dispute, the Court stated:

> I think [DWD] is also mistaken and at fault here in that my review of the [30(b)(6) deposition] transcript does indicate to me that the privilege and work product [were] asserted overly much and a bit more so than the situation merit ed. Also, it is questionable to me why [DWD] put up an attorney as its witness. That certainly was a decision fraught with peril.

(D.I. 536 at 17) However, the Court also held that Joy had failed to prove that DWD's 30(b)(6) designee was unprepared or did not have the knowledge that a 30(b)(6) witness requires. (*Id.* at 16–17) Nor has Joy, in its current submission, articulated how DWD improperly asserted privilege with respect to any particular questions. Even if Joy had done so, however, it would next be required to show that the relief it seeks—excluding *all* testimony at trial, from *any* witness on any question the 30(b)(6) witness did not answer-would be an appropriate or proportionate remedy. This, too, Joy has failed to do.

Both parties may, where appropriate, object to evidence at trial, and both will be provided an opportunity to brief objections following trial.

**5. Exclude the testimony of witnesses DWD failed to disclose as individuals having discoverable knowledge.**

■ Joy's fifth [1] motion in limine is **DE-NIED.** Rule 26(a) provides, in pertinent part, that a party must provide to the other parties "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i). Federal Rule of Civil Procedure 37(c)(1) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37 "still leaves the trial court with discretion to determine if a party provides substantial justification for their delay or if the delay is harmless." *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.,* 2007 WL 979854, at *12 n. 12, 2007 U.S. Dist. LEXIS 23636, at *38 n. 12 (D.N.J. Mar. 30, 2007); *see also Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.,* 60 F.3d 153, 156 (3d Cir.1995).

■ In determining whether the exclusion of evidence is warranted by a party's failure to comply with discovery duties, including those duties imposed by Rule 26(a), courts consider:

(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;

(2) the ability of the party to cure that prejudice;

(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and

(4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.,* 227 F.3d 133, 148 (3d Cir.2000). Generally, courts within the Third Circuit have been reluctant to exclude otherwise admissible evidence in the absence of extreme neglect or bad faith on the part of the proponent of the testimony. *See, e.g., Tolerico v. Home Depot,* 205 F.R.D. 169, 177 (M.D.Pa. 2002); *ABB Air Preheater, Inc. v. Regenerative Env'l Equipment Co., Inc.,* 167 F.R.D. 668, 671 (D.N.J.1996); *DiFlorio v. Nabisco Biscuit Co.,* 1995 WL 710592, at *1, 1995 U.S. Dist. LEXIS 17060, at *2 (E.D.Pa. Nov. 13, 1995). This reluctance is magnified where a party has an opportunity to cure the prejudice it might otherwise suffer from another party's failure to disclose. *See, e.g., Tolerico,* 205 F.R.D. at 177; *In re Mercedes–Benz Antitrust Litig.,* 2006 WL 2129100, at *9–10, 2006 U.S. Dist. LEXIS 51202, at *28–29 (D.N.J. July 26, 2006).

■ With respect to Joy's motion to preclude the testimony of Laura Nigbur, there is no evidence of bad faith on DWD's part or that it delayed in disclosing her existence after DWD became aware of it. In disclosing Nigbur, DWD expressed "its willingness to consider any reasonable proposals" to conduct "pre-trial discovery" regarding Nigbur's testimony. (D.I. 533) Joy did not respond to or take advantage of this offer. In these circumstances, the Court finds no basis to exclude Nigbur's testimony.

---

**1.** It appears that Joy's fifth motion in limine is actually two motions combined into one, thereby exceeding the limit imposed in this case of five such motions per side. What Joy characterizes as its fifth motion combines one theory for excluding the testimony of one witness and a separate theory for excluding the testimony of two other witnesses. Extending Joy the benefit of the doubt, the Court will reach the merits of both motions.

■ The Court is also unpersuaded by Joy's arguments regarding its motion to preclude James J. Chiolino and Timara Budack from testifying at trial. Joy seeks to prevent these individuals from testifying because, in its objections to Joy's 30(b)(6) notice, DWD asserted that: "[i]indisputably, no [DWD] employee was involved in the events in 1999 and earlier, underlying the claims that [DWD] now pursues, since those events preceded involvement by [DWD]" and therefore "[t]estimonial evidence of supportive 'facts' regarding [the relevant issue] necessarily comes from witnesses unassociated with [DWD]." (D.I. 441 at 3) In several subsequent Court hearings relating to the 30(b)(6) deposition, DWD clarified this objection, stating that DWD witnesses might have some relevant knowledge of facts relating to the issues in the case. (D.I. 536 at 13–14 ("On the four DWD employees [disclosed by DWD as fact witnesses], they have not been directly involved ... since about 2000 or so. It was referred over at that time period, and I can say that it is incorrect that DOJ was completely uninvolved until the file came over. ... But certainly from the point that the referral occurred forward, everything that has taken place substantively has essentially been through DOJ."); D.I. 438 at 12 ("[DWD's] involvement was relatively limited back in 1999 and 2000, taking complaints, looking into them, issuing final determinations, but the evidence that [Joy is] looking for are things that [DWD] has developed through discovery for the most part," and such information "is something known pretty much to the attorneys and not to people at [DWD].")) As the Court stated during one of these hearings, Joy "has to take part of the blame and is partly mistaken here in that it did not, though it could have, sought the deposition of individuals that were disclosed as having had information relevant to this case." (D.I. 536 at 16) Chiolino and Budack were disclosed by DWD as such individuals in DWD's Rule 26(a)(1) disclosure and supplementations.

## II. *DWD's Motions*

1. **Preclude Joy from calling James A. Chokey as a witness at trial for any purpose because it never identified him, pursuant to Fed. R.Civ.P. 26(a)(1)(A)(i).**

■ DWD's first motion in limine is **DENIED.** As discussed above with respect to Joy's fifth motion in limine, exclusion of evidence not disclosed pursuant to Rule 26 is inappropriate where the failure to disclose is substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). Here, the Court fails to see the harm to DWD from permitting Chokey to testify, given that DWD itself identified Chokey. DWD first disclosed Chokey as a witness on nine separate topics—including "relevant severance pay issues"—on February 11, 2008. DWD then deposed Chokey on August 6, 2008. Thereafter, on October 31, 2008, prior to the close of fact discovery, Joy disclosed Chokey as a witness who would testify consistently with his prior sworn testimony.

■ There is no indication that Joy's failure to disclose Chokey previously was the product of bad faith or intent. A party's failure to disclose under Rule 26(a)(1) is harmless if it involves "an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Tolerico,* 205 F.R.D. at 176. Further, inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party is "harmless." *Id.* (citing Advisory Committee Note to the 1993 Amendments to Rule 37(c)); *see also U.S. Fid. & Guar. Co. v. Brown,* 2003 WL

25695254, at *2–3, 2003 U.S. Dist. LEXIS 27654, at *5–6 (M.D.Pa. Mar. 7, 2003).

### 2. If permitted to call James A. Chokey at trial, Joy should be precluded from eliciting from him the proposed lay opinion testimony.

▮ DWD's second motion in limine is **GRANTED.** The lay opinion testimony Joy proposes to elicit from Chokey is his view as to how general unsecured claims were treated during Joy's bankruptcy and the value, in that bankruptcy, of DWD's claim (which Joy asserts would be treated as a general unsecured claim). This evidence is not relevant to the forthcoming trial, which will concern only the merits of DWD's tortious interference claim; whether such interference, if it occurred, was privileged; and, if non-privileged interference is proven, the damages suffered by the employees represented by DWD as a consequence. Issues as to how a judgment for DWD would be treated in bankruptcy, and whether the judgment would be collectible, are not relevant at the forthcoming trial.[2] *See generally In re Kaiser Group Int'l, Inc.* 326 B.R. 265 (D.Del.2005) (approving Bankruptcy Court's preservation of class claim that did not reduce or eliminate claim for class whose damages were subordinated by Bankruptcy Code); *Citibank N.A. v. Hicks,* 2004 WL 1895189, at *2, 2004 U.S. Dist. LEXIS 30432, at *5 (E.D.Pa. Aug. 24, 2004) (approving in dicta trial court's grant of summary judgment to plaintiff where only evidence went to collectability of judgment against defendant).

### 3. Joy should be limited to eliciting testimony from Dennis Winkleman and Mark Readinger on only the two subjects identified in Rule 26(a)(1) disclosures.

▮ DWD's third motion in limine is **DENIED.** In February and March 2008, DWD identified in its Rule 26(a)(1) disclosures Dennis Winkleman and Mark Readinger as witnesses having knowledge of numerous broad topics:

(1) Joy's internal organization and structure and how it operated,

(2) Beloit's internal organization and structure and how it operated,

(3) Board members and upper management at Joy and Beloit,

(4) relevant interactions between Joy and Beloit,

(5) relevant interactions between Joy and its other wholly or partly owned subsidiaries,

(6) relevant interactions of Joy and Beloit with creditors and creditors' committees during the bankruptcy proceedings,

(7) relevant severance pay issues,

(8) the sale of Beloit and its assets and

(9) other relevant activities involving Beloit.

**2.** In asserting this position, Joy relies on an April 17, 2001 Order of this Court. (D.I. 67) This Order states: "if the DWD Claim against HII [Harnischfeger Industries, Inc.] is allowed against HII, then (a) to the extent any liability is premised on severance pay, *In Re Public Ledger* applies to such liability, but (b) to the extent any liability is premised solely on HII's postpetition activity, it is not yet determined whether *In Re Public Ledger* applies to any such liability." (*Id.* at 3) The Order also recites (in a "Whereas" clause): "the DWD Claim against HII is based solely on alleged· tortious acts that may have occurred postpetition and that may have interfered with Beloit's severance arrangement." (*Id.*) The Order further states "the maximum amount of the DWD Claim against Beloit" but does not appear to address the amount of any claim against Harnischfeger. (*Id.*) DWD disputes that this Order has any impact on the pending claim against Harnischfeger. The Court recognizes that this is an issue on which the parties disagree. However, the forthcoming trial of DWD's tortious interference claim is not the occasion on which to resolve it.

(D.I. 533) Joy had previously disclosed Winkleman on June 10, 2005. (D.I. 534) Then, on October 31, 2008, Joy disclosed both Winkleman and Readinger. (*Id.*) Joy's October 2008 disclosure listed as the subject matters on which Winkleman and Readinger "may have relevant information" the following two broad topics: (1) "the circumstances surrounding why Beloit changed its severance plan/policy in 1999" and (2) "why it is clear that Harnischfeger Industries, Inc. did not tortiously interfere with same." (*Id.*) DWD deposed Readinger in August 2008 and Winkleman in December 2008, without any subject matter limitations on either deposition.

As noted above, exclusion of evidence not disclosed pursuant to Rule 26 is inappropriate if the failure to disclose is substantially justified or harmless. *See* Fed. R.Civ.P. 37(c)(1). Given the extensive scope of the topics on which DWD itself disclosed Winkleman and Readinger as having discoverable information, and DWD's unlimited depositions of both individuals, the Court fails to see any harm to DWD in permitting them to testify. *See Tolerico,* 205 F.R.D. at 176 (party's failure to disclose under Rule 26(a)(1) is harmless if it involves "an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced").[3]

**4. Joy should be limited to eliciting testimony from John Nils Hanson on only the one subject identified in Joy's Rule 26(a)(1) disclosures.**

DWD's fourth motion in limine is DENIED. The Court expects that John Nils Hanson's testimony will generally concern the subject disclosed in Joy's October 2008 Disclosure—"why it is clear that [Joy] did

not tortiously interfere" with the contract—since that is the subject of both the disclosure and the upcoming trial. If Hanson is questioned on topics that are not relevant to the issues being tried, DWD may object during trial and may continue to press those objections in post-trial briefing, in accordance with the Court's instructions.

**5. Joy should be precluded from disputing that Robert Dangremond, in any contacts with Mark Readinger in the fall of 1999 regarding the 1996 Beloit severance policy, was acting as Chief Restructuring Officer and Senior Vice President for Harnischfeger Industries, Inc.**

■ DWD's fifth motion in limine is DENIED. This is a hotly contested issue of material fact to be resolved at trial by the factfinder, as noted in the Court's most recent Order on summary judgment. (D.I. 511 at 16) Moreover, DWD disclosed Robert Dangremond in February and March 2008 as a witness on a wide array of topics-which encompassed, among other things, his role, if any, in inducing Beloit to amend its severance policy.

### III. *Discovery Matters*

Although not presented as a motion in limine, DWD indicates that it intends to try as disputed factual issues whether Joy failed to implement appropriate litigation holds and whether Joy failed to produce relevant documents. DWD evidently intends to prove such discovery misconduct and then to seek imposition of a sanction, potentially to include adverse inferences. These are discovery disputes that should have been (and to some extent were) raised and resolved during discovery. The

---

**3.** As broad as the topics are that Joy did identify, it is also hard to imagine what relevant and admissible testimony these two witnesses possess that would not relate, for example, to "why it is clear that [Joy] did not tortiously interfere."

Court will not devote the time reserved for trial on the merits of the tortious interference claim to discovery disputes.