**ASIA STRATEGIC INVESTMENT ALLIANCES, LTD., Plaintiff,**

v.

**GENERAL ELECTRIC CAPITAL SERVICES, INC., et al., Defendants.**

**Civil Action No. 95–2479–GTV.**

United States District Court, D. Kansas.

May 28, 1997.

Elizabeth A. Kaplan, Benien & Kaplan, Chtd., Kansas City, KS, Edward F. Canfield, Richard S. Harrell, Andrew T. Canfield, Canfield & Smith, Washington, DC, for Plaintiff.

Charles W. German, Brant M. Laue, Randall E. Hendricks, Brenda G. Hamilton, Scott M. Brinkman, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has for consideration two motions: Motion for a Protective Order and for Establishment of a Rescheduled Time for Deposition of Experts from Australia and China (doc. 152); and a Motion to Limit the Testimony of Plaintiff's Experts and Other Witnesses and Exclude Li Shi Zheng as a Trial Witness or Compel Li's Deposition and Limit His Testimony (doc. 167). By the first motion, pursuant to Fed.R.Civ.P. 26(b)(4), plaintiff seeks protection against depositions of its experts, Willoughby & Dunne & Co. Pty, Ltd. and Edward Shao, until seven days before trial. The court will deem this motion moot to the extent it seeks protection against the depositions as initially scheduled for March 26, 1997.

By the second motion defendants seek to restrict the testimony of some of the witnesses of plaintiff, either as experts or otherwise. Pursuant to Fed.R.Civ.P. 37(c)(1), defendants also seek to limit the scope of the testimony of the expert witnesses of plaintiff to the specific opinions and data contained in their original reports, submitted October 2 and December 6, 1996. Defendants further ask the court to bar both expert and lay witnesses of plaintiff from relying on any documents not timely disclosed by its initial disclosures in February 1996. If the court grants their motion, defendants will concede the motion of plaintiffs; otherwise, they oppose it. The court will, therefore, address both motions as interrelated.

By its Memorandum and Order of December 31, 1996, the court has already ruled that the depositions of the expert witnesses of plaintiff may be deferred until seven days before trial. The court finds no need to revisit the question, unless intervening circumstances suggest otherwise. Defendants argue that such circumstances exist, because plaintiff has expanded its expert testimony beyond the scope of the reports it provided in compliance with Fed.R.Civ.P. 26(a)(2) and has otherwise provided untimely production of documents. Defendants also complain of untimely production of documents relating to the subject matter of the expert testimony, particularly upon the issue of lost profits claimed by plaintiff.

Defendants further contend that the testimony of expert witnesses of plaintiff, and the data upon which they rely, should be limited to the scope of the reports they produced in 1996. Defendants therefore object to affidavits of broader expert testimony which plaintiff filed in February 1997 to oppose a pending motion for summary judgment. The affiants include person(s) not designated as expert witnesses.

In response to these contentions, plaintiff says it "provided adequate and complete expert reports on October 1, 1996." Plaintiff's Opposition to Defendant's Motion to Limit the Testimony of Plaintiff's Experts and Other Witnesses and Exclude Li Shi Zheng as a Trial Witness or Compel Li's Deposition and Limit His Testimony. Doc. 181 at 16. Plaintiff admits having added expert witnesses and testimony to oppose the motion for summary judgment. Plaintiff contends, however,

that such addition serves only to rebut the expert testimony and argument submitted by defendants. To the contrary, defendants argue that the additional material does not qualify for rebuttal, but should be part of the case in chief.

Plaintiff denies, moreover, the significance which defendants attribute to the documents it produced after the discovery deadline. It contends those documents have nothing to do with their claim of lost profits. It argues that the documents respond instead to requests for specific categories of information, not to any generic request for documents relating to lost profits. The court has examined the requests in question. They do refer to specific categories, such as documents relied upon by agents of Willoughby & Dunn or documents reflecting the insurance joint venture or its projections, premiums, revenues, expense and profits. Many responsive documents would probably relate to the issue of lost profits; others may not. If their relevancy be assumed, however, it does not necessarily follow that the expert witnesses themselves considered them in forming their opinions.

Defendants seek sanctions, pursuant to Fed.R.Civ.P. 37(c)(1). The rule provides as follows:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Defendants specifically argue that plaintiff failed to include relevant documents in their initial disclosures, as required by Rule 26(a)(1)(B). They also contend the affidavits

of expert testimony submitted in February 1997 should be disallowed. Failure to submit timely reports would violate Rule 26(a)(2). *Brand v. Mazda Motor of America, Inc.,* 1996 WL 707018 (D.Kan.); *Majewski v. Southland Corporation,* 170 F.R.D. 25 (D.Kan.1996).

■ For purposes of trial the court finds that sanctions, pursuant to Rule 37(c)(1), should be imposed. On October 1, 1996, plaintiff submitted original reports of expert witnesses, pursuant to Rule 26(a)(2). On November 1, 1996, defendants similarly submitted their reports. Rule 26(a)(2)(C) provides that any additional disclosures of expert testimony "solely to contradict or rebut evidence on the same subject matter" shall be made "within 30 days after disclosure made by the other party." This required plaintiff to provide by December 2, 1996, any additional disclosure of expert testimony to rebut that of defendants. Plaintiff has not shown that submission of reports or the affidavits thereafter, specifically in February 1997, was harmless. Discovery closed December 31, 1996. The deadline for dispositive motions was January 15, 1997. The court had already scheduled the final pretrial conference for March 3, 1997.

The parties should have submitted all disclosures of expert testimony by December 2, 1996. Aside the question of untimeliness, plaintiff has not shown that its later reports and affidavits adequately comply with the disclosure requirements of Rule 26(a)(2)(B). Pursuant to Rule 37(c)(1), therefore, the court finds plaintiff may not use at trial the additional expert testimony, disclosed in February 1997 to oppose the motion for summary judgment. Nor may its experts rely at trial on data not identified by their original reports of October 2 and December 2, 1996.

By this ruling the court does not purport to decide the extent, if any, to which the additional reports or affidavits submitted by plaintiff should be considered upon the pending motion for summary judgment. The district judge would make that determination in ruling upon the dispositive motion. Other factors, such as "substantial justification," whether the failure is "harmless," or the provisions of Rule 56, may affect the treat-

ment of the affidavits for the purpose of that motion.

■ Defendants further ask that the witnesses of plaintiff, both experts and others, be precluded from relying on any documents not included in its initial disclosures of February, 1996. Defendants would bar the witnesses from using or relying upon such documents, either as direct evidence or as a basis for expert or lay opinion testimony, particularly on the issue of lost profits. In support of their motion defendants refer to many documents produced out of time as late as April and May 1997. Defendants served their requests for production in February and November 1996. Plaintiff concedes some late production of documents, particularly in April 1997. It denies relying upon any documents produced out of time, however, for its claim of lost profits. Both at the final pretrial conference of March 3, 1997, and in opposing the present motion, plaintiff has emphasized that its documentary evidence for its damage claim of lost profits consists solely of a Business Plan, disclosed to defendants in February 1996.

■ The court knows of no authority for so sweeping a prohibition of evidence as defendants propose. The court does not view the cited cases as supporting a blanket exclusion of documents simply because they were not among initial disclosures. The court cannot find that all documents identified by defendants necessarily qualified for required disclosure under Rule 26(a)(1)(B). The rule neither guarantees nor even requires that all documents relevant to the issues in a law suit will be among the initial disclosures. The rule serves to facilitate early disclosure of discoverable information. It does not purport to be so restrictive, however, as to render inadmissible all documents not initially disclosed. The rule requires a party to initially disclose all documents in its "possession, custody, or control. .that are relevant to disputed facts alleged with particularity in the pleadings." Other than noting their denial of the claim of lost profits, defendants have not shown what disputed facts they contend are alleged with particularity in the pleadings.

■ Rule 26(a)(1) has other limitations as well. The court does not assume that all documents later produced by a party were necessarily in its possession, custody or control at the time of initial disclosures. Assembly of relevant documents from opposing parties and non-parties may be part of an ongoing investigation and preparation for trial. Rule 26(a)(1)(C) specifically requires initial disclosure of documents relating to damages, but only those "on which such computation is based." This would not include relevant documents upon which such computation is not based. A party may possess many documents relevant to damages, other than those upon which it makes its computation. If they are outside the scope of initial disclosures, opposing parties may nevertheless obtain them through discovery. The court declines to enter sanctions to bar witnesses from relying on documents for no other reason than they were not among initial disclosures. Under some circumstances such sanctions may lie. The court does not find that to be the case here.

Pursuant to Rule 37(c)(1), defendants further ask the court to exclude Li Shi Zheng as a trial witness. In the alternative they ask that his deposition be compelled and his testimony be limited to facts within his personal knowledge. As a second alternative defendants ask, if Li is allowed to give expert testimony, that the court compel his deposition, limit his testimony to opinions and information in his expert affidavit, and bar him from relying on documents which plaintiff produced April 7, 1997. Defendants contend plaintiff failed to disclose Li as a witness in its initial disclosures in February 1996. They note the court has sanctioned plaintiff for such failure, notwithstanding the disclosure of Mr. Li in the course of discovery on June 2, 1996. They also note that plaintiff did not include him on its final witness list of November 25, 1996, only on a supplemental list of January 2, 1997. Plaintiffs contend they are prejudiced by the late designation, because discovery has closed.

Plaintiff concedes that Li is a fact witness. It has never designated him as an expert. It contends that Li was not an individual likely to have discoverable information relevant to

disputed facts alleged with particularity in the pleadings. Consequently, it did not identify him in initial disclosures.

 The court will sustain in part the alternative motion of defendants so as to exclude Li Shi Zheng as an expert witness, at least for purposes of trial. The court declines to otherwise exclude him as a witness or to limit his testimony at trial. Defendants acknowledge that Li had been identified as a witness in June 1996; notwithstanding the failure of plaintiff to identify him in initial disclosures. In its earlier Memorandum and Order the court has found that any prejudice for untimeliness was minimal. Defendants had adequate opportunity before the discovery deadline of December 31, 1996, within which to depose Mr. Li. Because plaintiff does not oppose it, the court will grant defendants leave to depose Mr. Li at their own expense. In no event, however, shall his deposition delay trial.

The court finds no persuasive reason to change the substance of its earlier ruling with regard to the depositions of the expert witnesses, Willoughby & Dunne & Co. Pty. Ltd. and Edward Shao. The court has ruled that their testimony, at least for trial, is limited by the reports provided in 1996. Accordingly, it will find the motion for a protective order moot to the extent it seeks protection against the deposition scheduled for March 26, 1997. It will otherwise sustain the motion consistent with its Memorandum and Order of December 31, 1996. Given the trial setting of August 4, 1997, the depositions of these expert witnesses may proceed on July 24, 1997, or at any other time to which the parties may agree. In no event shall the depositions delay trial.

In summary the court makes the following rulings upon the motions: It finds moot in part and otherwise sustains the Motion for Protective Order and for Establishment of a Rescheduled Time for Deposition of Experts from Australia and China (doc. 152), as herein set forth. The court also sustains in part and overrules in part the Motion to Limit the Testimony of Plaintiff's Experts and Other Witnesses and Exclude Li Shi Zheng as a Trial Witness or Compel Li's Deposition and Limit His Testimony (doc. 167), also as herein set forth.

IT IS SO ORDERED.