**FITZ, INC. d/b/a Handmade Furniture Co. and Up Against the Wall, Plaintiffs,**

v.

**RALPH WILSON PLASTICS COMPANY, and Premark International, Inc., Defendants.**

**Civil No. 94–6017.**

United States District Court, D.   New Jersey.

Aug. 22, 1997.

Peter L. Masnik, Kalikman and Masnik, Haddonfield, NJ, for Plaintiffs.

James J. Ferrelli, Duane, Morris & Heckscher, Haddonfield, NJ, for Defendants.

ROSEN, United States Magistrate Judge.

## *INTRODUCTION*

Presently before this court upon the motion of Frank A. Luchak, Esquire, attorney for the defendants, for sanctions pursuant to Rule 37, Fed.R.Civ.P. After careful consideration of the parties' submissions, oral argument held on August 19, 1997, and for the reasons noted below, the defendants' motion for sanctions shall be **GRANTED IN PART and DENIED IN PART.**

## I. *FACTS AND PROCEDURAL HISTORY*

The facts of the underlying suit have been fully set forth in this court's September 11, 1996 Letter Opinion, (hereinafter "Letter Opinion" or "Letter Op."), and need not be restated. In sum, the plaintiff, Fitz, Inc., a furniture and cabinet maker, alleges that an adhesive product manufactured and marketed by the defendants, Ralph Wilson Plastics Company and its parent company, Premark International, Inc., was faulty. The adhesive product, Lokweld # 1055 and # 1056, served as a laminate in such items as kitchen cabinets and counters in residential and commercial buildings. (Third Amended Compl. ¶ 1, 20.) The plaintiffs assert breaches of express and implied warranties and violation of various state statutes on behalf of a putative class. (*See* Third Amended Compl.)

Currently at issue are nine declarations from various fabricators, all of which are attached as Exhibit B to the plaintiffs' memorandum of law in support of the plaintiffs' motion for class certification. As acknowledged by both parties, the plaintiffs submitted the declarations to establish numerosity.[1] The basis for the instant motion is the plaintiffs' failure to provide these declarations to the defendants during the course of discovery pursuant to Rule 26(a)(1), Fed.R.Civ.P. More specifically, the defendants assume that the plaintiffs were not in possession of these declarations *ab initio*, but claim that the plaintiffs violated their duty to supplement their Rule 26 disclosures as required by Rule 26(e)(1), Fed.R.Civ.P. The plaintiffs, however, dispute that they had any such duty to disclose these declarations.

## II. *DISCUSSION*

### A. INITIAL DISCLOSURES

■ Rule 26(a)(1)(A), in pertinent part, states that,

[A] a party shall, *without awaiting a discovery request,* provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information *relevant to disputed facts alleged with particularity in the pleadings,* identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, date of compilations, and

---

1. The Honorable Joseph H. Rodriguez denied without prejudice the plaintiffs' earlier application for class certification, specifically noting that the plaintiffs had not met the numerosity requirement. *See James Fitz–Randolph, et al. v. Ralph Wilson Plastics Co., et al.,* Civ. No. 94–6017, Order Filed December 20, 1996, at 13.

tangible things in the possession, custody or control of the party that are *relevant to disputed facts alleged with particularity in the pleadings; ....* (emphasis added). The goal of the initial disclosure requirement is to "accelerate the exchange of basic information about the case." Advisory Committee Notes to the 1993 amendments; *ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc.,* 167 F.R.D. 668, 671 (D.N.J.1996). The Advisory Committee Notes also suggest that the framers had a pragmatic notion of the term "particularity"; in short, the Rule 26 disclosure requirement should be applied with "common sense ... keeping in mind the salutary purposes that the rule is intended to accomplish."

Rule 26(e), Fed.R.Civ.P. imposes a continuous duty on all parties "to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

■ The plaintiffs argue that they did not violate the provisions of Rule 26 for several reasons. First, the plaintiffs posit that Rule 26 did not require them to disclose the identity of every possible class member who may have been allegedly damaged by the defendants' product because their allegations concerning numerosity contained in the initial complaint were *general class action allegations.* However, contrary to the plaintiffs' arguments, the class action allegation does in fact contain disputed facts with sufficient particularity that the declarations at issue constitute discoverable information pursuant to Rule 26(a)(1) and Rule 26(e). *See* Third Amended Compl. ¶ 9–11. Further, as noted by the defendants and acknowledged by the

plaintiffs, the declarations are directly relevant to the disputed issue of numerosity. Thus, the plaintiffs' assertions that numerosity is not an issue alleged with sufficient specificity to require the disclosure of the declarations at issue is disingenuous.

Additionally, the plaintiffs contend that because there had not been any specific discussions regarding the scope or included categories of the Rule 26 disclosure requirements, they fully complied with the requirements of Rule 26 by adhering to a "common sense" approach of providing a list of witnesses and documents which provided basic information about the case. However, after Judge Rodriguez denied without prejudice the plaintiffs' initial motion for class certification for failure to establish numerosity, the plaintiffs thereafter acquired the declarations, purportedly in the summer and fall of 1996. Defs.' Br. at 3. Given the sequence of such events, it is clear that the plaintiffs intended to use the declarations as support for its next attempt to seek class certification; therefore, it belies common sense to interpret Rule 26(e) as not requiring disclosure of these declarations.[2]

Further, the plaintiffs argue that the defendants failed to specifically request the fabricator declarations during discovery and are therefore now precluded from faulting the plaintiffs. The plaintiffs rely on a number of cases outside this jurisdiction to support their assertions. However, in those cases, the party moving for sanctions waived its right to object because it did not initially challenge the adequacy of the disclosures at issue; it is on this basis that the cases relied upon by the plaintiffs are inapposite to the matter at bar. For example, in *Concrete Materials Corp. Inc. v. C.J. Mahan Constr. Co.,* 110 F.3d 63, 1997 WL 151741, at * 2 (6th Cir.1997), the court declined to impose sanctions where the party's discovery responses included incomplete answers and an objec-

---

**2.** In *Asia Strategic Investment Alliances, Ltd. v. General Elec. Capital Services,* 173 F.R.D. 305 (D.Kan.1997), the defendants objected to the use of certain affidavits filed by the plaintiff to oppose their motion for summary judgment. These affidavits were of broader expert testimony than had been produced by the plaintiff. *Id.* at 306–07. The court, finding that the plaintiff had violated Rule 26 disclosure requirements, held that the plaintiff could not use at trial the additional

expert testimony disclosed in the opposition to the summary judgment motion. *Id.* at 307–08. Although the court declined to decide the extent to which the district court would consider the plaintiff's affidavit in ruling on the summary judgment motion, it noted factors which might affect the treatment of the affidavits for the purpose of that motion. *Id.* Such factors include "substantial justification" or whether the failure is "harmless." *See* discussion *infra* Part II.B.

tion which went unchallenged; the defendant made no effort to acquire more information through a motion or court order. Moreover, the court found that the defendant, although insisting that Rule 26 had been violated, never established or even attempted to establish, that the information that the plaintiffs failed to produce fell within the ambit of Rule 26(a). *Id.* at * 3–4.

Similarly, in *BASF Corp. v. Old World Trading Co.*, 1992 WL 22201, at * 3 (N.D.Ill. January 31, 1992), during discovery, the defendant requested the identity of all customers who had been interviewed or questioned about the facts alleged in the plaintiff's complaint. In response, the plaintiff provided limited answers and objections based on the attorney/client privilege or attorney work product doctrine. *Id.* The court held that the defendant, never having contested the objection or the limited response, waived its rights to seek supplementation under Rule 26(e) and denied the defendant's motion in limine.[3] *Id.* at * 3–4.

Here, there were no discovery responses provided by the plaintiffs which would have invited the defendants to file a motion to compel or to seek court order.[4] The plaintiffs acknowledge that the defendants' document request number 10 may have "arguably" applied to the declarations.[5] Pls.' Opp'n Br. at 14. Yet the answer provided by the plaintiffs was that, "responsive documents were either already provided to defendants or were provided by defendants in connection with this litigation." *Id.* at n. 8; *see also* Def.'s Reply Br. at 5–6. The plain-

tiffs interpreted the defendants' request, which they characterize as "poorly worded," as calling for correspondence between fabricators and defendants, not correspondence between fabricators and plaintiffs, or their counsel.[6] Pls.' Opp'n Br. at 14. This reading of the defendants' request is the kind of conduct which gives credence to the public's concerns and skepticism of the legal system. Further, this court has previously put the parties on notice that "there shall be no narrow interpretations of this court's rulings." Letter Op. at 16 (emphasis in original). Included in that ruling was a brief discussion of the mandates of Rule 26 disclosure. Specifically, this court held that,

> [t]he wide berth extended to discovery applies to Rule 26(e), and the [plaintiffs] shall adhere to its letter and spirit . . . [C]ounsel for each party bears the responsibility of knowing the discovery which he or she possesses and conducting himself or herself in accordance with the goals of a "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

Letter Op. at 41. Thus, contrary to the dictates of this court and to the notions of fair play and efficiency, the defendants were left unsuspecting that any information was being withheld. The defendants therefore did not have the requisite knowledge and the consequent opportunity to question the adequacy of the plaintiffs' Rule 26 disclosures prior to the disclosure of the declarations as exhibits to the plaintiffs' motion for class

---

**3.** Additionally, the *BASF* court determined that even if it had ruled on the objection, the defendant, though entitled to the names of individuals with knowledge of the facts, was not entitled to the names of those who had been actually interviewed as that was likely protected by the work product doctrine. *Id.* However, in the case at bar, the plaintiffs never previously asserted the work product doctrine for the defendants to challenge.

**4.** The defendants also allege that even during the depositions of two of the nine declarants, which occurred after the plaintiffs had acquired possession of the declarations, they were not notified of the existence of the declarations for those deponents. Def.'s Reply Br. at 6.

**5.** Request No. 10 asks the plaintiffs to provide, "[a]ny and all documents which refer to, reflect,

or otherwise relate to correspondence to or from any fabricator and/or to or from Ralph Wilson Plastics and/or to or from Premark International, Inc. regarding the quality, use, . application and/or problems associated with the Lokweld adhesives."

**6.** The plaintiffs' complete failure to disclose the existence of the declarations in any respect also distinguishes it from *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir.1995) wherein the Third Circuit found no abuse by the lower court for declining to impose sanctions after expressly finding that the defendants had in fact disclosed the identity of the witnesses, despite the plaintiff's claim that he had not received the initial disclosure. The district court had also determined that the plaintiff knew the names of its witnesses and the scope of their relevant knowledge well before trial. *Id.*

certification which was received on May 16. *See* Def.'s Reply Br. at 5.

Finally, the plaintiffs also purport that Rule 26(e) does not require disclosure of what is already known to the defendants. However, "it is not usually ground for objection that the information [sought] is equally available to the interrogator." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2014 at 204 (2d ed.1994).

For all the foregoing reasons, I find that the declarations at issue should have been disclosed pursuant to Rule 26(e).

## B. SANCTIONS

Rule 37(a)(2) provides that if a party fails to make a Rule 26(a) disclosure, any other party may compel disclosure or move for sanctions. Rule 37(c)(1), providing for mandatory sanctions upon failure to comply with Rule 26, states:

A party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

*See also Newman v. GHS Osteopathic Inc.*, 60 F.3d 153 (3d Cir.1995) (holding that the applicability of the sanctions under Rule 37(c)(1) falls within the sound discretion of the trial court).

■ "Substantial justification" requires "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995) (citing *Pierce v. Underwood*,

487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)).

■ In the case at bar, the plaintiffs have met their burden of showing substantial justification for their violation of Rule 26. There is relatively little case law in existence, particularly in the Third Circuit, interpreting the precise requirements of Rules 26(a) and 26(e). It is therefore reasonable that the plaintiffs differed in their understanding of what the Federal Rules of Civil Procedure required them to disclose and supplement.

■ In light of the genuine dispute concerning what constitutes compliance with Rule 26, exclusion of the nine declarations is not mandated. Exclusion of evidence is a severe sanction and is therefore often inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be cured because, for example, use of the evidence is "imminent or in progress."[7] *ABB Air Preheater, Inc.* 167 F.R.D. at 671–72. In the instant matter, there has been no bad faith and the resultant prejudice[8] may be remedied by permitting the defendants to depose the declarants and allowing the defendants to submit supplemental briefing addressing the testimony contained in the nine declarations at issue. Thus, the declarations shall not be stricken. *See Bellinger v. Deere & Co.*, 881 F.Supp. 813, 817 (N.D.N.Y.1995).

■ However, in lieu of barring the testimony of the nine fabricators, Rule 37(c)(1) permits the court to impose other appropriate sanctions for the plaintiffs' violation of Rule 26. Accordingly, the plaintiffs shall be required to compensate the defendants for the legal fees and costs involved in "leveling the playing field." Specifically, the plaintiffs shall reimburse the defendants for any attorneys' fees and costs incurred in deposing the nine declarants and in preparing a supplemental brief in opposition to the plaintiffs' motion for class certification.

---

**7.** *Cf. Asia Strategic Investment Alliances Ltd. v. General Elec. Capital Services,* 1997 WL 122568, at * 6.

**8.** There is indeed at least potential prejudice to the defendants since the plaintiffs seek class cer-

tification, an issue which the parties agreed during oral argument was crucial to the instant litigation, based on testimony that the defendants have not had an opportunity to test or question.

## III. CONCLUSION

In sum, for the reasons noted herein, the plaintiffs were required to disclose the declarations at issue pursuant to Rule 26(a)(1) and Rule 26(e), Fed.R.Civ.P. However, the plaintiffs' failure to comport with the provisions of Rule 26 was substantially justified by the sparsity of existing case law addressing the precise requirements of Rules 26(a) and 26(e). Therefore, although the plaintiffs' non-compliance does not mandate exclusion of the declarations, Rule 37(c)(1) permits the imposition of appropriate sanctions. Accordingly, the defendants shall be awarded attorneys' fees and costs as ordered herein.

An appropriate order shall enter this date.

### ORDER

This matter having been brought before this court upon the motion of Frank A. Luchak, Esquire, attorney for the defendants, for sanctions pursuant to Rule 37, Fed.R.Civ. P.; and the court having considered the submissions of the parties; and having heard oral argument on August 19, 1997; and for the reasons noted in the opinion entered this date and on the record on August 19, 1997; and for good cause shown;

IT IS this 20th day of August, 1997 hereby

*ORDERED* that the defendants' motion for sanctions shall be *GRANTED IN PART and DENIED IN PART*; and

IT IS FURTHER *ORDERED*, that the defendants' motion to strike the nine declarations of various fabricators attached as Exhibit B to the plaintiffs' memorandum of law in support of the plaintiffs' motion for class certification shall be *DENIED*; and

IT IS FURTHER *ORDERED* that the defendants' motion for monetary sanctions shall be *GRANTED*; and

IT IS FURTHER *ORDERED* that the nine fabricators shall be made available for depositions to be completed by no later than *September 19, 1997* at a date, time, and place convenient to the defendants; and

IT IS FURTHER *ORDERED* that the defendants may submit supplemental briefing in opposition to the plaintiffs' motion for class certification; and that the additional brief may pertain *only* to these nine declarants and their respective testimony; and

IT IS FURTHER *ORDERED* that the supplemental brief shall be provided to the Honorable Joseph H. Rodriguez by no later than *October 10, 1997;* and shall be no more than fifteen (15) pages in accordance with Local Rule 7.2(b), [formerly General Rule 27B], New Jersey Federal Practice Rules; and

IT IS FURTHER *ORDERED* that the plaintiffs may not submit any response to the defendants' supplemental brief; and

IT IS FURTHER *ORDERED* that the plaintiffs shall reimburse the defendants for any reasonable attorneys' fees and costs incurred in conducting these depositions and in preparing the supplemental brief; and

IT IS FURTHER *ORDERED* that the defendants shall submit an affidavit of reasonable attorneys' fees and costs to this court by no later than *October 23, 1997;* and

IT IS FURTHER *ORDERED* that the plaintiffs may provide opposition to the reasonableness *only* of the fees and costs by no later than *November 3, 1997.*