UNITED STATES of America ex rel. George Bradford HUNT, Walter W. Gauger, and Joseph Piacentile, et al., Plaintiffs,

v.

MERCK–MEDCO MANAGED CARE, LLC; Medco Health Solutions, Inc.; Merck–Medco Rx Services of Florida, No. 2, LC, et al., Defendants.

No. 00–CV–737.

United States District Court, E.D. Pennsylvania.

July 22, 2004.

Christopher Iannicelli, David S. Stone, Boies Schiller & Flexner LLP, Short Hills, NJ, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, Richard Drubel, Boies Scheller & Flexner, Hanover, NH, for Plaintiffs and Intervenor Plaintiff.

Mitchell R. Kreindler, Kreindler & Associates, P.C., Houston, TX, Nancy J. Glidden, West Chester, PA, Marc S. Raspanti, Michael A. Morse, Miller Alfano & Raspanti, P.C., Philadelphia, PA, Sharon M. Gurak, Kreindler & Associates, P.C., Malvern, PA, Alison M. Duncan, Brian M. Castro, Robert T. Rhoad, Porter Wright Morris & Arthur LLP, Washington, DC, Patrick H. Haggerty, Philip E. Kessler, Porter Wright Morris & Arthur, LLP, Dayton, OH, Benjamin James Stevenson, Michael Kelley, Office of the Attorney General, Tallahassee, FL, Patrick J. Keenan, Assistant Atty General, Chicago, IL, Michael K. Bassham, Peter M. Coughlan, Attorney General's Office, Nashville, TN, Brian Sandoval, L. Timothy Terry, Marie Martin–Kerr, Office of the Attorney General, Carson City, NV, Betsy Whittey, Christopher K. Barry–Smith, Thomas Reilly, Attorney General's Office, Boston, MA, Gregory C. Fleming, Office of Attorney General, Richmond, VA, for Plaintiffs.

Cathy Young Thomer, Mary Catherine Frye, Patrick L. Meehan, Sonya Fair Lawrence, U.S. Attorney's Office, Philadelphia, PA, David Todd Shapiro, U.S. Dept. of Justice, Washington, DC, for Intervenor Plaintiff.

Enu Mainigi, Janet C. Fisher, William E. McDaniels, Williams and Connolly, Washington, DC, Michael J. Holston, Drinker Biddle & Reath LLP, Nicholas M. Centrella, Conrad, O'Brien, Gellman and Rohn, P.C., Scott Godshall, List & List, Philadelphia, PA, Jack E. Fernandez, Zuckerman Spaeder LLP, Simon Gaugush, Zuckerman Spaeder LLP, Tampa, FL, for Defendants.

Saul Ewing LLP, Princeton, NJ, Saul Ewing LLP, Philadelphia, PA, for Movant.

## MEMORANDUM AND ORDER

SCUDERI, United States Magistrate Judge.

Presently before the court is a motion filed by Defendants, Merck–Medco Managed Care, LLC, et al. (collectively, "the Medco Defendants"), seeking a court order requiring Plaintiffs, the United States Government, et al. (collectively, "Plaintiffs"), to resubmit an amended initial disclosure statement in accordance with Federal Rule of Civil Procedure 26(a)(1) ("Initial Disclosure Statement"). Plaintiffs jointly oppose the motion. For the reasons set forth below, the motion is denied.[1]

## I. Factual Background

On January 9, 2004, the parties exchanged self-executing Initial Disclosure Statements pursuant to Federal Rule of Civil Procedure 26(a)(1).[2] Plaintiffs' Initial Disclosure Statement contained the names, addresses and telephone numbers (if known) of approximately 4,300 individuals whom Plaintiffs allegedly knew to possess information relevant to the claims at issue in this case, as well as very brief descriptions regarding the identity and relevance of some of these individuals. Plaintiffs also disclosed 112 specific types of documents which Plaintiffs believed to be relevant to the issues in this case.[3] *See* Appendix "A" to the Motion.

---

1. This matter is before me pursuant to the governing Case Management Order signed by the Honorable Clarence C. Newcomer, District Court Judge for the Eastern District of Pennsylvania.

2. As more fully discussed *infra*, Rule 26(a)(1) generally requires that parties, without awaiting a discovery request, provide to other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and a copy or description of documents and other tangible things that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. Proc. 26(a)(1)(A)–(B).

3. In their response to the instant motion, Plaintiffs argue that their Initial Disclosure Statement (and subsequent Amended Initial Disclosure Statement) are "far more detailed and useful" than that provided by the Medco Defendants.

By letter dated January 22, 2004, counsel for the Medco Defendants advised Plaintiffs that their Initial Disclosure Statement allegedly did not comply with Rule 26(a)(1). The next day, Plaintiffs' counsel responded and requested a teleconference on the issue of the parties' Initial Disclosure Statements. Following the teleconference, counsel for the Medco Defendants sent a letter to Plaintiffs' counsel asking Plaintiffs to provide, at a minimum, "adequate descriptions and indications of relevance" for the approximately 4,300 individuals listed on Plaintiffs' Initial Disclosure Statement. *See* Medco Def.'s Br. at 2.

On February 6, 2004, the Medco Defendants filed a motion for order requiring Plaintiffs to resubmit their Initial Disclosure Statement. On February 20, 2004, Plaintiffs filed a response brief opposing the motion. By letter dated March 3, 2004, counsel for the Medco Defendants suggested to Plaintiffs' counsel that Plaintiffs could narrow their Initial Disclosure Statement "by providing a list of individuals named solely for the purposes of stipulation of undisputed facts, such as patients, physicians, and current and former employees." *See* Medco Def.'s Br. at 2.

The court did not rule on the Medco Defendants' motion for order requiring Plaintiffs to resubmit their Initial Disclosure Statement. Instead, on March 12, 2004, Plaintiffs produced an amended self-executing disclosure statement ("Amended Initial Disclosure Statement"). *See* Appendix "B" to the Motion. In their Amended Initial Disclosure Statement, Plaintiffs listed approximately 3,900 individuals, including name, address, telephone number (if known) and, for most of the individuals, a brief description of the information possessed relevant to this case. *See id.* The Amended

Initial Disclosure Statement did not contain a "stipulation of undisputed facts" as suggested by Medco Defendants' letter dated March 3, 2004.

By letter dated March 31, 2004, counsel for the Medco Defendants again advised Plaintiffs that their submission allegedly failed to comply with Rule 26(a)(1). After further attempts to resolve this dispute failed, the Medco Defendants filed the instant motion for court order seeking to require Plaintiffs to resubmit their Amended Disclosure Statement. Specifically, the Medco Defendants request an order requiring Plaintiffs to (1) make a qualitative judgment on the importance or relevance of each individual listed; (2) identify the twenty (20) most significant individuals for Plaintiffs' case in each category; [4] (3) identify the subject of discoverable information for each individual listed; and (4) provide additional contact information and descriptions. *See* Medco Def.'s Br. at 8; Medco Def.'s Proposed Order. Plaintiffs respond that their Amended Initial Disclosure Statement complies with the requirements of Rule 26(a).

## II. Discussion

Federal Rule of Civil Procedure 26(a) provides in relevant part:

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E) [not applicable here], or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

---

*See* Response Br. at 2–3, 7–8. For example, Plaintiffs note that the Medco Defendants disclosed 95 individuals, but provided the addresses and telephone numbers for only 17 of them, and that the Medco Defendants have not supplemented this information. *Id.* at 2–3. In their Traverse, the Medco Defendants counter that, of the 112 types of documents disclosed by Plaintiffs as part of their Initial Disclosure Statement, "easily seventy-five percent ... include documents that Medco provided to the government during the government's investigation and/or are publicly available." *See* Traverse at 3. If true, all of these

accusations underscore a pattern of less than full cooperation by attorneys on both sides of this case. Nevertheless, information regarding the Medco Defendants' Initial Disclosure Statement is not relevant to a determination regarding the propriety of Plaintiffs' Amended Disclosure Statement.

4. The categories of listed individuals include physicians, patients, former Merck–Medco employees, and current Merck–Medco employees.

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. Civ. Proc. 26(a)(1)(A), (B). As explained by the Advisory Committee Notes to the 1993 amendments to Rule 26, the goal of the initial disclosure requirement is to "accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information." Rule 26 Advisory Committee Notes; *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 174 F.R.D. 587, 589 (D.N.J.1997). The initial disclosure requirement should be applied "with common sense ... keeping in mind the salutary purposes that the rule is intended to accomplish." *Id.*

■ The Medco Defendants argue that Plaintiffs' Amended Initial Disclosure Statement is improper for two (2) general reasons: first, because of its sheer volume; and, second, because it fails to comply with the purpose and intent of Rule 26(a) to provide an efficient start to relevant discovery. *See* Medco Def.'s Br. at 3–7; Traverse at 2–3. The court disagrees. The sheer volume of a parties' Initial Disclosure Statement cannot, by itself, constitute a violation of Rule 26(a) because the self-executing disclosures are merely a starting point for the discovery process. Although one of the purposes of Rule 26(a) is to "help focus the discovery that is needed," *see* Rule 26 Advisory Committee Notes, the size of self-executing initial disclosure statements necessarily depends on the type of case involved. Logically, therefore, the more complex the case in terms of number of parties and scope of allegations, the

larger the disclosure statements should be. Here, the Medco Defendants are alleged to have defrauded patients, clients, and the United States by cancelling and destroying prescriptions, by failing to perform needed pharmaceutical services, by switching patients' prescriptions without their knowledge and consent, by shipping medications and billing patients for drugs never ordered, by creating false records, by soliciting and receiving inducements from pharmaceutical manufacturers to favor their products, and by making false and misleading statements to the government about its conduct. These allegations encompass, *inter alia,* potentially numerous Merck–Medco facilities across the country, numerous current and former Merck–Medco employees, numerous physicians and numerous patients. Given the broad language of Rule 26(a)(1)—parties must provide information concerning "each individual likely to have discoverable information"—one would expect the self-executing initial disclosures in this case to be voluminous. Although the sheer volume of information provided by Plaintiffs certainly presents a considerable challenge for the Medco Defendants, the size of Plaintiffs' Amended Initial Disclosure Statement does not *per se* violate Rule 26(a)(1).

■ The Medco Defendants' second general argument—namely, that Plaintiffs' Amended Initial Disclosure Statement violates the purpose and intent of Rule 26(a)(1) to provide an efficient start to relevant discovery—is somewhat more difficult, in part because neither the Third Circuit, nor any other Circuit Court, has rendered a decision as to how Rule 26(a) should be interpreted. *See, generally,* Stephen N. Subrin, *Fudge Points and Thin Ice in Discovery Reform and the Case for Selective Substance–Specific Procedure* (Fla.L.Rev., Jan. 1994) (discussing the difficulty of applying Rule 26 given lack of guidance as to specificity and degree of disclosure in various types of cases). Indeed, the few lower courts which have considered this issue have quoted from the same Advisory Committee Notes previously mentioned regarding the general purposes of the discovery rules, but have not opined on the specific requirements of Rule 26(a). *See, e.g., Fitz,*

174 F.R.D. at 589 (discussing the requirements of Rule 26(a)(1) in the context of a case involving a party's complete failure to disclose).

Similarly, it is difficult to determine how Rule 26(a)(1) should be read in conjunction with other discovery rules. For example, whereas Rule 26(a)(1) provides for self-executing initial disclosure statements (such as those at issue here), Rule 26(a)(3) requires certain other disclosures to be made thirty (30) days prior to trial:

(3) Pretrial Disclosures. In addition to the disclosures required by Rule 26(a)(1) . . ., a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the names and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

\* \* \* \* \* \*

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Fed. R. Civ. Proc. 26(a)(3)(A), (C). As explained by the Advisory Committee Notes, subsections (a)(1) and (a)(3) are intended to be complimentary rather than duplicative: "The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance . . . and (3) as the trial date approaches to identify the particular evidence that may be offered at trial." Rule 26 Advisory Committee Notes. Although the rules do not provide specific examples of the difference between the disclosures required by Rule 26(a)(1) and (a)(3), it is clear that the disclosures are intended to be qualitatively different, both in number and specificity. In the instant case, Plaintiffs'

Amended Initial Disclosure Statement lists numerous individuals believed "likely to have discoverable information," and provides basic contact information and general descriptions. I find that this level of disclosure comports with the basic exchange of information intended by Rule 26(a)(1), with the caveat that Plaintiffs supplement the information provided, as appropriate, and fully comply with other sections of Rule 26, as required. *See, e.g.,* Fed. R. Civ. Proc. 26(e), "Supplementation of Disclosures and Responses" ("A party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure . . . to include information thereafter required if ordered by the court or in the following circumstances: (1) . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . .").

The Medco Defendants assert that Plaintiff's Amended Initial Disclosure Statement contains so many names that the disclosures "are about as useful as if they never had listed the relevant names at all." Medco Def.'s Br. at 6. However, as previously explained, the Amended Initial Disclosure Statement contains a substantial amount of information, including named individuals, contact information, and general descriptions—all basic information contemplated by Rule 26(a)(1). In any event, the court notes that because the parties are still engaged in discovery, there is time remaining for the Medco Defendants to obtain the kind of information they apparently seek by way of the present motion. Because an entire class of individuals listed by Plaintiffs consists of current or former employees of Merck–Medco, the Medco Defendants should already be aware of the these individuals and could easily contact and question them regarding information relevant to this case. Regarding the patients listed in the Amended Initial Disclosure Statement, it should be relatively simple to determine whether they were included because of an alleged unauthorized drug switch, prescription cancellation, and/or prescription overcharge. The Medco Defendants should also be able to obtain informa-

tion about most of the other individuals listed by, for example: contacting the individuals; reviewing the list of persons noticed for deposition by Plaintiffs; taking depositions; and reviewing documents provided on an ongoing basis during discovery. The court also notes that the Medco Defendants should already have considerable information concerning various important individuals as a result of the lengthy investigation that gave rise to this case in the first place.

Finally, in reviewing the specific aspects of the Medco Defendants' Proposed Order to this court, it is apparent that the Medco Defendants seek to use the self-executing disclosure statements of Rule 26(a)(1) not only as a tool for starting relevant discovery, but also as a tool to learn details of Plaintiffs' investigation and trial strategy. For example, the Medco Defendants ask this court to require Plaintiffs to make a qualitative determination of the most important witnesses in each category as part of their Amended Initial Disclosure Statement. *See* Medco Def.'s Br. at 8; Medco Def.'s Proposed Order. This request clearly seeks information and analysis that goes well beyond the purpose or intent of Rule 26(a)(1). As previously stated, Rule 26(a)(1) is intended to "accelerate the exchange of basic information" at an early stage of discovery; as such, it should not be used as a mechanism for obtaining information not otherwise discoverable, or for obtaining information properly reserved for discovery pursuant to Rule 26(a)(3).

For all of the foregoing reasons, I conclude that Plaintiffs' Amended Initial Disclosure Statement satisfies Federal Rule of Civil Procedure 26(a)(1). Therefore, the court will deny Medco Defendants' motion.

An appropriate Order follows.

### ORDER

AND NOW, this 22nd day of July, 2004, after consideration of Defendants' Motion for a Court Order Requiring Plaintiffs to Resubmit [Their] Amended Initial Disclosure Statement (No. 177), Plaintiffs' Response (No. 180), and Defendants' Reply thereto (No. 183), it is hereby ORDERED that the Motion is DENIED.