NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1427
_____

LUCY RORRER; LOUIS RORRER

v.

CLEVELAND STEEL CONTAINER; RICHARD GILBERT


LUCY RORRER**; LOUIS RORRER**;
MARTHA SPERLING, ESQ.,*

Appellants

(* Pursuant to Fed. R. App. P. 12(a))

(** Dismissed per Clerk order of 12/26/12)

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-00671)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014


Before:  AMBRO, JORDAN, and ROTH, <u>Circuit Judges</u>


(Opinion filed: April 29, 2014)

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

During a Title VII action, the District Court imposed a monetary sanction against Plaintiffs' counsel, Martha Sperling, under Rule 16(f) of the Federal Rules of Civil Procedure for failure to obey the Court's scheduling order. Ms. Sperling appeals, arguing that the District Court abused its discretion in imposing that sanction. For the reasons that follow, we affirm.

## I. BACKGROUND

The underlying Title VII action has a lengthy factual and procedural history, much of which is irrelevant to this appeal. The pertinent facts, however, concern an eleventh-hour psychiatric evaluation of Ms. Sperling's client, Lucy Rorrer, performed by Dr. Robert Toborowsky, her expert forensic psychiatrist. The District Court's final scheduling order directed the parties to complete expert discovery by September 25, 2009. In advance of this deadline, Ms. Sperling produced three of Dr. Toborowsky's reports concerning her client's mental condition.

On June 11, 2010, nearly ten months after the closing of expert discovery, Ms. Sperling informed defense counsel that Dr. Toborowsky wished to meet with and re-examine her client sometime prior to his scheduled testimony. With discovery long-closed and trial testimony due to begin only days later, defense counsel objected to the proposed reexamination. Suspicious that Ms. Sperling might permit the reexamination

notwithstanding the objection, defense counsel reiterated to Ms. Sperling clear and unequivocal opposition to any further examination or consultation by the doctor. [1]

Despite these objections, Ms. Sperling's client was indeed reexamined by Dr. Toborowsky on June 11, 2010—the very same day she had initially broached the subject of reexamination with defense counsel. This information was first brought to light during Dr. Toborowsky's cross-examination, as Ms. Sperling elected neither to supplement the doctor's previous report nor to provide notice of any kind. When asked whether the reexamination influenced his testimony in any way, Dr. Toborowsy explained that it merely "tended to reinforce opinions that [he] had independently arrived at before." J.A. at 25, 170. [2]

At sidebar during cross-examination and later in the Judge's chambers, the District Judge discussed the reexamination with counsel. During this two-part colloquy, Ms. Sperling acknowledged her decision to ignore the objections of defense counsel and permit Dr. Toborowsky to meet with her client. *Id.* at 26. Shortly thereafter, defense counsel moved to strike the doctor's testimony.

---

[1] The day before trial testimony was scheduled to begin, Ms. Sperling informed defense counsel that, in light of a conflicting doctor's appointment, her client would not be the first witness to testify as previously indicated. Suspicious that this previously undisclosed appointment might be the reexamination at issue, defense counsel forwarded correspondence to Ms. Sperling stating that, "out of an abundance of caution, we simply want to reiterate our objections to Plaintiff seeing or consulting with Dr. Toborowsky before his trial testimony." At no time, however, did Ms. Sperling acknowledge, let alone respond, to this communication. *Id.* at 25.

[2] When asked whether he was able to produce a record of the reexamination as mandated by a subpoena requiring him to preserve and bring his entire file to court, Dr. Toborowsky testified that the notes had been destroyed, adding that they were merely "scribbles." *Id.* at 25.

3

Though denying the motion to strike, the District Court elected to sanction Ms. Sperling pursuant to Rule 16(f) of the Federal Rules of Civil Procedure on the ground that she had committed a "flagrant and bad will violation of the discovery rules" and had acted unfairly. J.A. at 27. Specifically, the Court explained that "Ms. Sperling deliberately withheld information about the pending re-examination without any regard for discovery deadlines, . . . concern for Defense counsel's right to know this information, or . . . Defendant's right to bring this dispute to the Court's attention." *Id.* The sanction, totaling $2,700, was meant to reflect the total amount of attorney's fees incurred by the defendant because of Ms. Sperling's expert discovery violation. In the alternative, the District Court held that, even if no discovery violation occurred, it "would have nonetheless sanctioned Ms. Sperling under [its] inherent authority to manage cases before [it]." *Id.* at 31. It thereafter denied Ms. Sperling's motion to vacate the monetary sanction. D.E. No. 267. Ms. Sperling has timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction over the Title VII action pursuant to 28 U.S.C. § 1331. We have jurisdiction over the appeal under 28 U.S.C. § 1291, as we conclude that the District Court's order denying plaintiff's motion for new trial disposed of all claims of the parties and is properly considered "final" for purposes of § 1291. *See Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980). Moreover, although technically not a party of record, Ms. Sperling is considered a party for purposes of appealing the District Court's disciplinary order. *See id.*

4

We review a district court's decision to impose sanctions for abuse of discretion and may reverse only if the award is based on an "erroneous view of the law or clearly erroneous assessment of the evidence." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007).

### III. DISCUSSION

On appeal, Ms. Sperling alleges that the District Court abused its discretion in assessing a Rule 16(f) sanction against her. Rules 16(a) through (e) of the Federal Rules of Civil Procedure set out standards governing pretrial conferences, scheduling orders, and general case management, while Rule 16(f) authorizes sanctions for violations of those standards. In relevant part Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Moreover, "[i]nstead of or in addition to any other sanction, the court *must* order the party, or its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." *Id.* 16(f)(2) (emphasis added). Absent a showing that the noncompliance was either "substantially justified" or circumstantially "unjust," Rule 16(f) requires the imposition of monetary sanctions. *Id.* Substantial justification exists where there is a "genuine dispute concerning compliance." *Tracienda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007) (quoting *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997)). Whether a sanction is "unjust" requires a "consideration of the degree of the sanction in light of the severity of the

5

transgression which brought about the failure to produce." *Id.* (noting "'unjust' can be variously defined as 'unfair,' 'unreasonable,' 'inequitable,' or 'harsh'").

Beyond their express ability to impose sanctions against parties and attorneys under Rule 16(f), federal courts "retain the inherent power 'to sanction errant attorneys financially both for contempt and for conduct not rising to the level of contempt.'" *In re Cendent Corp.*, 260 F.3d 183, 199 (3d Cir. 2001) (quoting *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d. Cir. 1985)). This power, the Supreme Court has noted, is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

The District Court concluded that the imposition of a monetary sanction against Ms. Sperling was warranted under Rule 16(f) in light of her "blatant violation" of the expert discovery deadline. J.A. at 29. It pointed out that not only was Ms. Sperling obligated to disclose the reexamination to defense counsel, but that her failure to do so precluded her opponents from performing any form of discovery to which they were rightly entitled. *Id.* It also noted that Ms. Sperling was neither "substantially justified" in her noncompliance with the Court's scheduling order nor unjustly sanctioned. *Id.* at 30. As to the former, the Court explained that, given the significant amount of time elapsed between the Court's scheduling order and the reexamination in question, there was no "genuine dispute" concerning compliance. *Id.* Moreover, Ms. Sperling permitted her client to attend the reexamination notwithstanding defense counsel's objection. Concerning the latter, the Court determined that, considering the extent to which Ms.

6

Sperling's behavior "illustrated a blatant disrespect for the judicial process and common courtesy to her opposing counsel," a fine equivalent to defense counsel's resulting attorney's fees was far from unjust. *Id.* On these facts, we cannot say that the District Court abused its discretion in sanctioning Ms. Sperling.

She argues nonetheless that her actions were not a discovery violation because, at the time of the reexamination, the relevant scheduling order was no longer in effect. Appellant's Opening Br. 28. In support of this assertion, Ms. Sperling makes reference to an order, filed on October 13, 2009, that suspended all deadlines contained in the Court's April 27, 2009, scheduling order pending the outcome of settlement discussions scheduled for November 6, 2009. *Id.*; J.A. at 09. Insofar as the docket does not explicitly reflect the Court's reinstatement of the April 27, 2009 scheduling order (including the September 25, 2009 discovery deadline), Ms. Sperling argues that no scheduling order was in place. Appellant's Opening Br. 28.

This argument is not persuasive. Although the docket does not explicitly reflect reinstatement of the deadlines in the scheduling order, that minor omission does not invite Ms. Sperling to conclude that the discovery deadline was never restored. The Court's October 13, 2009 order suspending discovery deadlines pending the outcome of settlement discussions was filed over three weeks *after* the expert discovery deadline had passed. If nothing else, that order implicitly suggests that, once the settlement discussions were concluded, the existing discovery deadlines were reinstated. Any assumption to the contrary would permit ongoing discovery up to and including the beginning of trial.

The District Court buttressed its decision to impose a monetary sanction against Ms. Sperling by citing its inherent authority to govern its own affairs. J.A. at 31 ("[E]ven if there was no rule discovery violation, we would have nonetheless sanctioned Ms. Sperling under our inherent authority to manage cases before us.") Thus, even in the absence of a discovery violation, the Court was well within its discretion under its inherent power to "impose reasonable sanctions for conduct by lawyers that falls short of contempt of court." *In re Cendant Corp*, 260 F.3d at 199. By ignoring the objections of defense counsel and failing to provide any notice that the reexamination had taken place, Ms. Sperling conducted herself in a manner deserving censure. Insofar as the Court found Ms. Sperling's actions to be abusive of the judicial process (and this it no doubt did), its inherent powers permitted the imposition of a monetary sanction.

Ms. Sperling raises additional points of contention in her appeal, none of which materially affect our assessment of the District Court's decision. First, she argues that, in light of the express language of Rule 26(e), she was under no duty to supplement the record following the reexamination by Dr. Toborowsky. Under Rule 26(e)(1)(A), a party who has either made a disclosure or responded to an interrogatory, request for production, or request for admission is required to provide supplementation "if the party learns that in some *material* respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

8

Here, Ms. Sperling's argument is predicated on the belief that, insofar as Dr. Toborowsky's reexamination "tended to reinforce opinions that [he] had independently arrived at before," J.A. at 25, it did not produce any "material" change in his diagnosis that would call for supplementation or notice of any kind, Appellant's Opening Br. 34-35. Whether Ms. Sperling was under a duty to supplement the record, however, is not the key to this appeal, as the District Court's decision to impose a sanction was premised not on her failure to provide Rule 26 supplementation but on her "blatant violation of the Court's April 27, 2009 Scheduling Order." J.A. at 29. Whereas Rule 37(c) permits a court to levy sanctions against a party for failure to supplement, sanctions imposed pursuant to Rule 16(f) address a party's failure to obey scheduling or other pretrial orders. *See* Fed. R. Civ. P. 16(f), 37(c). Accordingly, the sanction imposed here by the District Court, whether pursuant to Rule 16(f) or its inherent authority to manage its affairs, is unaffected by Ms. Sperling's decision to forgo Rule 26 supplementation.

Ms. Sperling also claims that the Court's decision to sanction her was improperly influenced by the District Judge's "personal animus" against her. Appellant's Opening Br. 28. While the record reflects that Ms. Sperling may have tested the Judge's patience during the course of the trial, no evidence supports any inference of judicial impropriety. Beyond acting pursuant to its well-established statutory and inherent authority, the Court articulated a clear basis to set the sanction it imposed. J.A. at 27 (noting that Ms. Sperling was sanctioned for "flagrant and bad faith willful violation of the discovery rules, and general [un]fairness—in the way [she] conducted [herself] in this matter").

9

Accordingly, we have no reason to conclude that the sanctioning of Ms. Sperling was the result of personal ill will.

Finally, Ms. Sperling contends that the Court erred in imposing a sanction because defense counsel had unclean hands. Appellant's Opening Br. 28. In support of this assertion, she cites several instances of allegedly improper conduct by the defense attorney.[3] Ms. Sperling's reliance on this doctrine, however, is misplaced, as "[t]he equitable doctrine of unclean hands applies when *a party seeking relief* has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001) (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)) (emphasis added). In our case, defense counsel did not seek the fine levied against Ms. Sperling. Instead, the Court, acting pursuant to its statutory and inherent authority, independently elected to impose its sanction. J.A. at 27. As the doctrine of unclean hands covers only the "party seeking relief," it has no application here.

In this context, we hold that the District Court did not abuse its discretion in assessing $2,700 monetary sanction against Ms. Sperling. We thus affirm.

---

[3] Most notably, Ms. Sperling alleges that defense counsel's own expert psychiatrist, Dr. Annie Steinberg, improperly reviewed certain medical records after issuing her initial report and failed to file supplementation. Appellant's Opening Br. 46.